T.C. Memo. 2000-196

UNITED STATES TAX COURT

MARJORIE CATHEY MILLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9164-99.                    Filed June 29, 2000.

<u>Charles H Hammer</u>, for petitioner.

<u>Gregory M. Hahn</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  On November 12, 1998, respondent issued a
notice of final determination denying petitioner's claim for
abatement of interest.  Petitioner filed a petition under section
6404(i) and Rule 280.  The case is before the Court on
respondent's motion for summary judgment.  The issue for decision
is whether respondent has the authority to abate interest on
employment taxes under section 6404(e)(1)(A).  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition in this case was filed, petitioner resided in Deer Park, Washington. During 1984, 1985, and 1986 (the taxable years in issue), Marjorie Cathey Miller (petitioner) operated a beauty salon known as "About Face" and employed several individuals. Petitioner treated these individuals as independent contractors for tax purposes and did not file employment tax returns (Form 940, Employer's Annual Federal Unemployment Tax Return, and Form 941, Employee's Quarterly Federal Tax Return) or issue Forms W-2 for the taxable years in issue. In 1987, respondent initiated a tax examination of petitioner's 1984, 1985, and 1986 business activities and, at the conclusion of this examination in August 1987, concluded that petitioner should have treated the individuals as employees rather than as independent contractors.

On August 25, 1987, respondent prepared Form 4666, Summary of Employment Tax Examination, indicating that the following employment taxes and penalties were owed by petitioner:

|       |      |            | Sec. 6651/    |             |
| Year  | Form | Tax        | 6656 Penalty  | Total       |
|-------|------|------------|---------------|-------------|
| 1984  | 940  | $   520.07 | $   182.03    | $   702.10  |
| 1984  | 941  | 7,184.81   | 2,491.75      | 9,676.56    |
| 1985  | 940  | 904.50     | 316.58        | 1,221.08    |
| 1985  | 941  | 6,681.35   | 2,322.55      | 9,003.90    |
| 1986  | 940  | 911.12     | 318.89        | 1,230.01    |
| 1986  | 941  | 7,301.22   | 2,536.56      | 9,837.78    |
| Total |      | $23,503.07 | $8,168.36     | $31,671.43  |

On December 12, 1988, petitioner signed two Forms 2504, Agreement to Assessment and Colection of Additional Tax and Acceptance of Overassessment-Excise or Employment Tax, agreeing to the assessment and collection of the above tax liabilities. The liabilities listed on the Forms 2504 totaled $31,671.43. On December 16, 1988, petitioner submitted a check to respondent in the amount of $31,671.43, and respondent applied this payment to the employment taxes, penalties, and _interest_ due from petitioner for failure to file employment tax returns, leaving the following amounts owed by petitioner:

| Year    | Form | Tax        | Penalty     | Total        |
|---------|------|------------|-------------|--------------|
| 1985    | 940  | $   904.50 | $   316.58  | $  1,221.08  |
| 1986    | 940  | 911.12     | 318.89      | 1,230.01     |
| 1986    | 941  | 5,066.46   | 1,879.01    | 6,945.47     |
| 1984-86 | W-2  |            | 900.00      | 900.00       |
| Total   |      | $6,882.08  | $3,414.48   | $10,296.56   |

In 1993, petitioner was contacted by respondent, who claimed that petitioner had unpaid liabilities flowing from the 1987 examination. After extensive discussions with respondent,

petitioner was informed that, to pursue the matter further, she had to pay the balance due and submit a claim for refund on Form 843, Claim for Refund and Request for Abatement. On or about May 16, 1994, petitioner submitted a check to respondent for $21,706.47, paying the full amount of tax, penalty, and interest owing on the unpaid employment tax liabilities.

On May 15, 1996, petitioner submitted eight separate Forms 843 seeking abatement of interest assessed on the employment tax liabilities. On November 12, 1998, respondent mailed to petitioner a final determination denying petitioner's claim for interest abatement. Petitioner filed a petition to contest respondent's determination not to abate interest under section 6404(e)(1) for the taxable years in issue, claiming that respondent's denial was an abuse of discretion.

## Discussion

Respondent argues that there was no abuse of discretion under section 6404(e) because respondent is not authorized under section 6404(e)(1) to abate interest assessed with respect to employment taxes. Respondent relies on our holding in Woodral v. Commissioner, 112 T.C. 19 (1999). Petitioner argues that Woodral was incorrectly decided, that respondent has the authority to abate interest on employment taxes, and that respondent's failure to abate the interest in this case under section 6404(e)(1) was an abuse of discretion.

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). No material facts are in dispute in this case; thus, whether respondent has authority to abate interest on employment taxes may be decided as a matter of law.

Section 6404(e)(1) provides in pertinent part:

> (1) In general.--In the case of any assessment of interest on--
>
> > (A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or
>
> > (B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial or managerial act,
>
> the Secretary may abate the assessment of all or any part of such interest for any period. * * *

In Woodral v. Commissioner, supra, this Court held that respondent is authorized under section 6404(e) to abate interest only on any "deficiency" or payment of tax relating to income, estate, gift, generation skipping, or certain excise taxes. See id. at 25. This Court stated:

> Based on our review of section 6404(e) and the Code sections it references, we hold that the Commissioner lacks the authority to abate assessments of interest on employment taxes under section 6404(e). As the Commissioner has no authority to abate assessments of interest on employment taxes under section 6404(e), the Commissioner could not have committed an abuse of discretion--a person with no discretion simply cannot abuse it.  [Id.]

Petitioner does not distinguish this case from Woodral.  Rather, she asks us to overrule a recent decision of this Court.  We decline to do so.

Petitioner contends that Woodral "intermingled and combined the wording of Subsection (A) and (B)" and "tampered with the clear and unambiguous language" of section 6404(e)(1)(A) in contravention of Exxon v. Commissioner, 102 T.C. 721 (1994).  "Courts are forbidden to tamper with the plain meaning of the words employed unless they are clearly ambiguous or nonsensical."  Id. at 727.  Petitioner also argues that section 6404 was enacted to provide taxpayer relief and that there is absolutely no reason to believe that Congress intended to limit section 6404(e)(1)(A) as set forth in Woodral.

As we stated in Woodral, if a statute is clear, we focus on the language of the statute in determining congressional intent.  Particular phrases are construed in consideration of the overall statutory scheme.  See Woodral v. Commissioner, supra at 22.  "Deficiency" is a term of art, and, according to section 6211, deficiency does not deal with the realm of employment taxes.

Thus, we must conclude that, in using the term "deficiency" in section 6404(e)(1)(A), Congress intended only that respondent have authority to abate interest with respect to income, estate, gift, generation skipping, and certain excise taxes and not with respect to employment taxes. See sec. 6211.

In this case, petitioner seeks to have interest relating to employment tax liabilities abated under section 6404(e). Following the precedent established in <u>Woodral v. Commissioner</u>, <u>supra</u>, we conclude that respondent did not commit an abuse of discretion in this case by denying petitioner's claim for abatement because respondent does not have the authority under section 6404(e) to abate interest on employment taxes. See <u>Woodral v. Commissioner</u>, <u>supra</u> at 25.

To reflect the foregoing,

<u>Respondent's motion will be granted, and decision will be entered for respondent</u>.