T.C. Memo. 2000-241

UNITED STATES TAX COURT

JOHN B. COSGRIFF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13247-98.                    Filed August 4, 2000.

John B. Cosgriff, pro se.

<u>Charles B. Burnett</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  On May 23, 1998, respondent issued a notice of
final determination denying petitioner's claim to abate interest
on his 1992 Federal income tax liability.  Petitioner timely
filed a petition to this Court under section 6404(g)[1] and Rule

---

[1]Sec. 6404(g) was redesignated sec. 6404(i) by the Internal
Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-
(continued...)

280.  The sole issue for decision is whether respondent abused his discretion by denying petitioner's request to abate interest.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  Petitioner resided in Las Vegas, Nevada, at the time he filed his petition.

For the year 1992, petitioner worked as a bartender at the Las Vegas Hilton and conducted an auto sales business. Petitioner filed his 1992 Form 1040, U.S. Individual Income Tax Return, on May 24, 1993.  Petitioner reported a business loss of $16,504 related to auto sales for his business "Whole Sale Auto". On September 12, 1994, respondent notified petitioner in writing that his 1992 Federal income tax return had been selected for examination and requested that petitioner arrange an appointment and produce records substantiating his tip income and certain items from his Schedule C, Profit and Loss From Business.  On November 14, 1994, petitioner provided respondent with his tip diary but did not provide any information supporting his Schedule C.  On November 23, 1994, respondent notified petitioner of proposed changes to his 1992 return.  The proposed changes

_____

[1](...continued)
206, secs. 3305(a), 3309(a), 112 Stat. 685, 743, 745.  Unless otherwise indicated, all section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.

included the disallowance of petitioner's Schedule C business loss, the inclusion of certain royalties in income, and the imposition of late-filing and accuracy-related penalties. Thereafter, two appointments were scheduled between petitioner and respondent's agent to discuss the 1992 return, but petitioner canceled both appointments. On April 19, 1995, respondent notified petitioner that respondent's previous proposed determinations had not changed. On July 26, 1995, a notice of deficiency was sent to petitioner determining a $2,483 deficiency, a $42 late-filing penalty, and a $497 accuracy-related penalty. Petitioner did not file a petition with this Court seeking a redetermination of the deficiency and penalties, and the amounts determined in the notice of deficiency were assessed.

On October 31, 1995, petitioner requested reconsideration of respondent's determination, but the request was denied because petitioner had failed to timely contest the notice of deficiency. On February 13, 1996, petitioner called a problem resolution officer at the Ogden Service Center to request a review of his 1992 tax liability. The Problem Resolution Office in the Ogden Service Center reviewed the matter and, in a letter to petitioner dated May 3, 1996, informed petitioner that a review of his account for 1992 indicated that the balance due was correct. In June of 1996, petitioner sent a letter to Senator Bryan of Nevada

requesting assistance in resolving his disagreement with the Internal Revenue Service. Senator Bryan inquired about petitioner's situation. As a result, respondent reopened petitioner's case in August of 1996 and reconsidered the 1992 return. This time, petitioner provided receipts and information concerning his 1992 Schedule C automotive business. On the basis of the information provided, respondent abated $1,125 of the deficiency, $539 in penalties, and $56.81 in interest. On October 7, 1996, respondent denied petitioner's subsequent request for appellate consideration.

On April 2, 1997, petitioner filed a Form 843, Claim for Refund and Request for Abatement. On August 15, 1997, respondent notified petitioner than no penalties would be imposed but that interest would not be abated. This notice invited petitioner to request consideration with respondent's Appeals Office within 30 days. On September 15, 1997, petitioner requested that his claim for interest abatement be reconsidered by the Phoenix Appeals Office. On April 23, 1998, the Appeals Office denied petitioner's claim for abatement of interest but notified him that the case would be held open for 2 weeks to allow him an opportunity to provide additional information. On May 23, 1998, respondent issued a notice of final determination denying petitioner's claim for abatement of interest. Petitioner timely

filed a petition to this Court seeking review of respondent's failure to abate interest.

OPINION

This Court may order an abatement of interest only where there is an abuse of discretion by the Commissioner in refusing to abate interest. See sec. 6404(i). In order to show an abuse of discretion, petitioner must establish that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Rule 142(a); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Section 6404(e)(1) provides, in pertinent part, that the Commissioner has discretionary authority to abate part or all of an assessment of interest on: (1) Any deficiency attributable to any error or delay by the Commissioner's officers or employees in performing a ministerial act; or (2) any payment of tax to the extent any error or delay in such payment is attributable to such officers or employees being erroneous or dilatory in performing a ministerial act.[2] An error or delay by the Commissioner can be taken into account only if it occurs after the Commissioner has contacted the taxpayer in writing with respect to the deficiency

[2]In 1996, sec. 6404(e)(1) was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1452, 1457 (1996), to allow the Commissioner to abate interest for an "unreasonable" error or delay resulting from "managerial" and ministerial acts. The amendment is in effect for tax years beginning after July 30, 1996, and thus is not applicable in this case. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

or payment and if no "significant aspect" of the error or delay is attributed to the taxpayer. Sec. 6404(e)(1); Nerad v. Commissioner, T.C. Memo. 1999-376. Because Congress did not intend for section 6404(e) to be used routinely, we will order abatement only "where failure to abate interest would be widely perceived as grossly unfair." Lee v. Commissioner, 113 T.C. 145, 149 (1999); H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

Petitioner argues that interest should be abated because: (1) Hardships beyond his control prevented him from complying with Federal income tax laws; (2) respondent failed to include vital evidence in the stipulation of facts; (3) just before trial, respondent's attorney attempted to coerce petitioner into dropping his abatement claim; and (4) respondent delayed proceedings when petitioner was willing to settle his income tax liabilities. Petitioner's hardships, the content of the stipulation of facts, and the coercion allegation are not proper grounds for us to order interest abatement. Additionally, we find these allegations to be unsupported by the evidence.

In order for petitioner to prevail, there must be an error or delay in performing a ministerial act that is attributable to respondent. A "ministerial act" does not involve the exercise of judgment or discretion. Sec. 301.6404-2T(b)(1), Temporary

Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[3]  It is a procedural or mechanical act that occurs during the processing of the taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place.  See id.  The mere passage of time does not establish error or delay in performing a ministerial act.  See Lee v. Commissioner, supra at 150.

For purposes of section 6404(e), an error or delay cannot be considered for the period before September 12, 1994, because that is when respondent first contacted petitioner in writing regarding the deficiency.  See sec. 6404(e)(1); Nerad v. Commissioner, supra.  Petitioner argues that respondent incorrectly determined his income tax liabilities for 1992 and that respondent failed to timely answer his correspondence or meet with him.  Regardless of whether respondent correctly determined petitioner's 1992 income tax liabilities, "A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act."  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., supra.  Although petitioner contacted respondent numerous times in connection with his 1992 return, the evidence in the record shows that respondent replied to petitioner's correspondence in a timely manner that

---

[3]On Dec. 18, 1998, the final regulation under sec. 6404 was issued.  "Ministerial act" is defined in the same manner in the final regulation as in the temporary regulation.

was not arbitrary, capricious, or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, <u>supra</u> at 23.

Respondent reconsidered petitioner's 1992 tax liability despite his failure to file a petition contesting the notice of deficiency. Thereafter, respondent exercised discretion in abating a substantial portion of the prior assessment. Any errors or delays were attributable to petitioner's cancellation of scheduled appointments and his failure to timely produce requested information. Accordingly, we hold that respondent's denial of petitioner's claim to abate interest was not an abuse of discretion.

<u>Decision will be entered for respondent</u>.