112 T.C. No. 3


UNITED STATES TAX COURT


WILLIAM AND HELEN WOODRAL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6385-98.                    Filed January 12, 1999.


        Ps submitted to the IRS a request for abatement of
interest relating to employment taxes.  R issued to Ps
a notice of final determination not to abate interest.
Ps filed a petition for review of R's failure to abate
interest.

        <u>Held</u>:  R's failure to abate the assessments of
interest under sec. 6404(a), I.R.C., was not an abuse
of discretion.

        <u>Held</u>, <u>further</u>:  Sec. 6404(e)(1), I.R.C., does not
authorize R to abate assessments of interest on
employment taxes; therefore, R's failure to abate the
assessments of interest under sec. 6404(e), I.R.C., was
not an abuse of discretion.


<u>Robert C. Platt</u>, for petitioners.

<u>Usha Ravi</u> and <u>Ronald G. Dong</u>, for respondent.

OPINION

VASQUEZ, Judge:  On March 26, 1998, the Commissioner issued a notice of final determination denying petitioners' claim to abate interest.  Petitioners timely filed a petition under section 6404(g)[1] and Rule 280.  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether the Commissioner committed an abuse of discretion under section 6404 by failing to abate assessments of interest relating to employment taxes.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed their petition, petitioners resided in Ceres, California.

During 1988, petitioner[2] and his brother Robert Woodral were general partners in a partnership known as Woody's Transport (the partnership).  On July 17, 1988, the partnership dissolved. Under the agreement to dissolve the partnership, Robert Woodral agreed to pay any existing tax liabilities.

---

[1]  Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743, 745.

[2]  References to "petitioner" are to petitioner William Woodral.

On March 30, 1989, respondent received an Employer's Annual Federal Unemployment Tax Return (Form 940) for the period ending December 31, 1988, from Woody's Transport showing an unpaid tax liability of $295.[3]  On May 8, 1989, the tax liability of $295 and an interest liability of $10 were assessed.

On May 11, 1989, respondent received an Employer's Quarterly Federal Tax Return (Form 941) for the period ending June 30, 1988, from Woody's Transport showing an unpaid tax liability of $30,785.  On June 26, 1989, the tax liability of $30,785 and an interest liability of $3,967 were assessed.  On September 4, 1989, based on a corrected tax return received by respondent, the assessed, unpaid tax liability was reduced from $30,785 to $8,258, and $2,608 of interest was abated.

Robert Woodral filed the Forms 940 and 941.  At the time he filed the returns, he did not pay the taxes that were owing. Robert Woodral never informed petitioner that there were any outstanding tax liabilities.

In or about July of 1995, petitioner received a Final Notice (Notice of Intent to Levy) dated July 20, 1995, from respondent. This was the first notification petitioner received that the partnership owed any tax or that he was liable for any of it.

On February 15, 1996, petitioner paid the $295 and $8,258 tax liabilities.  Petitioner did not pay the interest attributable to either of the tax liabilities.

---

[3]  For convenience, all figures are rounded to the nearest dollar.

On December 2, 1996, petitioners filed a petition (the 1996 petition) with the Court requesting the abatement of penalties and interest relating to employment taxes for the taxable periods ending June 30 and December 31, 1988 (the 1988 employment taxes). On March 3, 1997, respondent received a Claim for Refund and Request for Abatement (Form 843) from petitioners.

On March 17, 1998, respondent filed a motion to dismiss for lack of jurisdiction (motion to dismiss) the 1996 petition on the grounds that a notice of final determination not to abate interest (notice of final determination) on the 1988 employment taxes had not been issued to petitioners.

On March 26, 1998, the Commissioner issued a notice of final determination to petitioners related to the 1988 employment taxes. The Commissioner denied petitioners' request for abatement.

On April 3, 1998, petitioners opposed respondent's motion to dismiss and lodged with the Court a first amended petition for review of failure to abate interest under section 6404 (the amended petition).

In an order dated April 9, 1998, the Court granted respondent's motion to dismiss the 1996 petition. Furthermore, we ordered the amended petition be filed as petitioners' petition for review of failure to abate interest under section 6404, and

we ordered the portion of the amended petition that seeks an abatement of penalties be stricken for lack of jurisdiction.[4]

Discussion

Respondent argues (1) to the extent that petitioners' claim for abatement of interest arises under section 6404(a), the Court lacks jurisdiction to review respondent's denial of that claim, (2) if the Court concludes that it has jurisdiction over petitioners' claim under section 6404(a), there was no abuse of discretion under section 6404(a) because the assessments of interest were not excessive in amount, assessed after the expiration of the period of limitations, or erroneously or illegally assessed, and (3) there was no abuse of discretion under section 6404(e) because the Commissioner is not authorized under section 6404(e)(1) to abate interest assessed with respect to employment taxes. Petitioners contend that the Court has jurisdiction pursuant to section 6404(g), and the Commissioner committed an abuse of discretion by failing to abate the interest under either section 6404(a) or (e).

In construing section 6404, our task is to give effect to the intent of Congress. We begin with the statutory language, which is the most persuasive evidence of the statutory purpose. United States v. American Trucking Associations, Inc., 310 U.S.

---

[4] As we stated in our order dated Apr. 9, 1998, the Court lacks jurisdiction to review the Commissioner's failure to abate penalties. Sec. 6404(g) only provides the Court jurisdiction to review the failure to abate interest, and sec. 7436 does not provide the Court with jurisdiction because this case does not involve a redetermination of employment status.

534, 542-543 (1940); <u>Hospital Corp. of Am. v. Commissioner</u>, 107 T.C. 116, 128 (1996). Phrases must be construed in light of the overall purpose and structure of the whole statutory scheme. <u>Dole v. United Steelworkers of Am.</u>, 494 U.S. 26, 35 (1990).

The plain meaning of statutory language ordinarily is conclusive. <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 241-242 (1989); <u>Hospital Corp. of Am. v. Commissioner</u>, <u>supra</u>. If the language of a statute is clear, we look no further than that language in determining the statute's meaning. See <u>Sullivan v. Stroop</u>, 496 U.S. 478, 482 (1990); <u>United States v. Ron Pair Enters., Inc.</u>, <u>supra</u> at 241. A court looks to legislative history only if the statute is unclear. <u>Blum v. Stenson</u>, 465 U.S. 886, 896 (1984); <u>United States v. Lewis</u>, 67 F.3d 225, 228-229 (9th Cir. 1995).

## I. Jurisdiction Under Section 6404(g)

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party. <u>Id.</u> at 530.

Section 6404(g) provides in pertinent part:

The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest <u>under this section</u> was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest. [Emphasis added.]

Section 6404(g) clearly grants the Court jurisdiction to review the Commissioner's failure to abate interest under <u>all subsections</u> of section 6404 and does not limit the Court's jurisdiction to review cases arising only under section 6404(e). Respondent, on brief, acknowledges that the language of section 6404(g) does not specifically limit the Court's jurisdiction to the review of denials of claims for abatement brought under section 6404(e) but argues that the legislative history demonstrates that it was the intent of Congress to impose such a limit on the Court's jurisdiction.

Respondent's argument fails. The language of the statute is clear; therefore, we do not look to the legislative history to determine the statute's meaning.[5] See <u>Sullivan v. Stroop</u>, <u>supra</u>; <u>United States v. Ron Pair Enters., Inc.</u>, <u>supra</u> at 241-242; see also <u>Blum v. Stenson</u>, <u>supra</u>; <u>United States v. Lewis</u>, <u>supra</u>.

Respondent's interpretation of section 6404(g) is contrary to the clear language of the statute. We reject respondent's contention that we lack jurisdiction to review the denial of petitioners' request for abatement of interest to the extent their claim arises under section 6404(a). In light of petitioners' timely petition for review, we hold that petitioners

---

[5] Even if we were to look at the legislative history, however, it does not contradict the language of the statute.

properly invoked the Court's jurisdiction pursuant to section 6404(g).[6]  See Rule 280(b)(2).

## II.  Abuse of Discretion

The Commissioner's power to abate an assessment of interest involves the exercise of discretion, and we shall give due deference to the Commissioner's discretion.  See Mailman v. Commissioner, 91 T.C. 1079, 1082 (1988).  In order to prevail, a taxpayer must prove that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law.  See id. at 1084.  Petitioners bear the burden of proof.  Rule 142(a).

### A.  Section 6404(a)

Section 6404(a) provides that the Commissioner is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof that is (1) excessive in amount, (2) assessed after the expiration of the period of limitations properly applicable thereto, or (3) erroneously or illegally assessed.  See also sec. 6601(e)(1) (stating that "any reference in this title", except subchapter B of Chapter 63 (i.e., sections 6211-6216) to "any tax" also refers to interest imposed by section 6601 on such tax).  Section 301.6404-1(c), Proced. & Admin. Regs., provides, in pertinent part:

---

[6]  While the Court has jurisdiction pursuant to sec. 6404(a) and (g) to review the Commissioner's failure to abate interest on employment taxes, sec. 6404(a) and (g) does not provide the Court with jurisdiction to review a failure by the Commissioner to abate an assessment of employment taxes.

(c) Except in the case of income, estate, or gift tax, if more than the correct amount of tax, [or] interest, * * * is assessed but not paid to the district director, the person against whom the assessment is made may file a claim for abatement of such overassessment.  Each claim for abatement under this section shall be made on Form 843.  * * *

In the petition, petitioners stated that the interest at issue is the statutory interest attributable to the correct employment taxes that were reported on the Forms 940 and 941 filed with respondent.  Petitioner paid those taxes on February 15, 1996.  Petitioners argue, however, that respondent's failure to act (i.e., waiting 7 years to contact petitioner regarding the taxes and interest owed) was illegal; therefore, petitioners contend that the amounts of interest assessed are erroneous and in excess of the proper amount.[7]  Respondent contends that the assessments of interest were not excessive, assessed after the expiration of the period of limitations, or erroneously or illegally made.

On brief, petitioners cite no authority to support their claim that the assessments of interest were excessive, erroneous, or illegal.  Additionally, the evidence does not establish that the interest was excessive in amount, assessed after the expiration of the period of limitations properly applicable thereto, or erroneously or illegally assessed.  See In re Burns, 974 F.2d 1064, 1066 (9th Cir. 1992).

---

[7]  Petitioners, however, do not assert that respondent calculated the amount of the interest incorrectly.

Based on the foregoing, we conclude that the Commissioner did not commit an abuse of discretion by failing to abate the assessments of interest under section 6404(a).

B.  Section 6404(e)

Section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate the assessment of interest on:  (1) Any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or (2) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act.[8]

Section 6211 defines a deficiency as the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 of the Code exceeds the amount of such tax shown on the taxpayer's return and the amount of such tax previously assessed.  Section 6212(a) also refers to deficiencies with respect to taxes imposed by subtitle A or B, or chapter 41, 42, 43, or 44 of the Code. These subtitles and chapters of the Code cover taxes on:  Income; estates, gifts, and certain generation-skipping transfers; public

---

[8]  In 1996, sec. 6404(e) was amended under sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit respondent to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts.  The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996; therefore, it is not applicable to the case at bar.

charities; private foundations and certain other tax-exempt organizations; qualified pension, etc., plans; and qualified investment entities.  See <u>Speers v. United States</u>, 38 Fed. Cl. 197, 201 (1997).  The Code contains the provisions related to employment taxes in subtitle C, and subtitle C is not mentioned in section 6211 or section 6212(a).

Based on our review of section 6404(e) and the Code sections it references, we hold that the Commissioner lacks the authority to abate assessments of interest on employment taxes under section 6404(e).  As the Commissioner has no authority to abate assessments of interest on employment taxes under section 6404(e), the Commissioner could not have committed an abuse of discretion--a person with no discretion simply cannot abuse it.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.