T.C. Memo. 1999-376

UNITED STATES TAX COURT

CHARLES A. NERAD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13745-97.                    Filed November 12, 1999.

Charles A. Nerad, pro se.

Karen N. Sommers, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial

Judge Stanley J. Goldberg, pursuant to Rules 180, 181, and 183.[1]

_____

[1]    All Rule references are to the Tax Court Rules of Practice
and Procedure.

The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge:  On January 29, 1997, respondent issued a notice of final determination denying petitioner's claim to abate interest for the taxable year 1992. The only issue for decision is whether petitioner is entitled to an abatement of interest pursuant to section 6404(e).[2]

Petitioner contends that respondent abused his discretion by failing to abate assessments of interest because (1) the income that petitioner failed to report on his 1992 Federal income tax return did not result from petitioner's error, (2) respondent provided him with misinformation, and (3) respondent did not promptly audit his income tax return for 1992 in light of the disclosure on the return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Julian, California, when the petition in this case was filed.

During 1992, petitioner was employed as a systems analyst by the United States Navy.  In 1992, the Navy consolidated some of its payroll processing centers.  As a result of the

----

[2]     Section references are to the Internal Revenue Code in effect for the year in issue.

consolidation, petitioner failed to receive a complete and accurate Wage and Tax Statement, Form W-2 (wage statement), for the year 1992. Instead, petitioner received two wage statements from his employer. One wage statement properly reflects the wages he received prior to the consolidation of the payroll processing centers. The other wage statement reflects the wages of another taxpayer. Petitioner stated that he repeatedly asked his employer to provide him with a corrected wage statement.

Petitioner and his wife, Rebecca Duncan, timely filed a joint Federal income tax return for 1992 on April 15, 1993. On their joint 1992 Federal income tax return, petitioner and Ms. Duncan reported total wages of $51,335.87. This amount failed to include all of the wages petitioner received in 1992. Petitioner alleges that he contacted the Internal Revenue Service (IRS) prior to filing his 1992 Federal income tax return. Petitioner asserts that an IRS employee informed him that he should include on his return a statement indicating that he did not receive an accurate wage statement. On their 1992 Federal income tax return, petitioner and Ms. Duncan included such a statement. On their 1992 Federal income tax return, petitioner and Ms. Duncan also failed to report interest income in the amount of $5.

On May 10, 1995, respondent sent a letter to petitioner seeking information about the unreported income. In a letter dated May 23, 1995, petitioner answered respondent's inquiry and

stated that during 1992 his employer's payroll processing center had moved and that he did not have an accurate wage statement when he filed his income tax return for 1992. Petitioner further explained that he completed the 1992 income tax return to the best of his ability and that he had requested a corrected wage statement.

On August 2, 1995, respondent sent a letter to petitioner and Ms. Duncan proposing an income tax deficiency for 1992. On August 10, 1995, petitioner again informed respondent that he had not received a corrected wage statement from his employer and that when, and if, he received a corrected wage statement, he would pay the proper tax.

On October 18, 1995, respondent sent petitioner and Ms. Duncan a notice that determined a deficiency in Federal income tax for 1992 in the amount of $6,958 and an accuracy-related penalty under section 6662(a) in the amount of $882. The deficiency and penalty were based upon an increase in petitioner's adjusted gross income, as well as a resulting computational adjustment to claimed medical expenses. Petitioner and Ms. Duncan did not file a petition with this Court seeking a redetermination of the deficiency and penalty. Thus, on March 18, 1996, respondent assessed the deficiency in income tax and interest due in the amounts of $6,958 and $1,064, respectively. The penalty under section 6662(a) was not assessed. Additional

interest in the amount of $67.36 was assessed on September 30, 1996.

On November 13, 1996, petitioner filed a claim with respondent requesting the abatement of interest on the ground that his employer had failed to provide him with a correct wage statement. On January 29, 1997, respondent issued a notice of final determination denying petitioner's request for abatement on the ground that an officer or employee of the Internal Revenue Service did not commit any errors or delays that merited the abatement of interest.

Section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate the assessment of interest on any deficiency attributable to any error or delay by an officer or employee of the IRS (acting in his official capacity) in performing a ministerial act.[3] For purposes of section 6404(e)(1), an error or delay is taken into account only (1) if no significant aspect of such error or delay can be attributed to the taxpayer, and (2) after the IRS has contacted the taxpayer in

---

[3] In 1996, sec. 6404(e) was amended under sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit respondent to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996. The new provision is not applicable in this case. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

writing with respect to such deficiency or payment.  See sec. 6404(e)(1).

The term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors have taken place.  See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[4]

For purposes of section 6404(e), an error or delay is taken into account <u>only after the IRS has contacted the taxpayer in writing with respect to such deficiency or payment</u>.  See sec. 6404(e)(1).  In this case, respondent did not contact petitioner in writing until May 10, 1995.  No error or delay occurred after this date.  In fact, petitioners received the notice of deficiency approximately 5 months after respondent contacted them regarding the unreported income.  Therefore, petitioner's arguments that his employer failed to provide him with a proper Form W-2 and that respondent provided him with misinformation are unavailing.  These circumstances occurred before May 10, 1995.

---

[4]    The final Treasury regulation under sec. 6404 was issued on Dec. 18, 1998.  The final regulation contains the same definition of ministerial act as the temporary regulation.  The final regulation generally applies to interest accruing on deficiencies or payments of tax described in sec. 6212(a) for tax years beginning after July 30, 1996.  See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

Petitioner's argument that the IRS failed to examine his return promptly in light of the statement on the return is without merit.  We have previously held that this Court is not at liberty to modify a period of time prescribed by a statute of limitations in which the Commissioner is authorized to act.  See Foster v. Commissioner, 80 T.C. 34, 229 (1983), affd. in part and vacated in part on another issue 756 F.2d 1430 (9th Cir. 1985); Saigh v. Commissioner, 36 T.C. 395, 424-425 (1961).  Section 6501 expressly defines the period that respondent is authorized to assess deficiencies against taxpayers.  Petitioners filed their 1992 Federal income tax return on April 15, 1993.  Respondent issued the notice of deficiency on October 18, 1995.  Since the latter date is within the 3 years of the former, the notice of deficiency was timely under section 6501(a).  The timeliness of respondent's examination is not an error for purposes of section 6404(e).[5]

---

[5]    Sec. 6404(g) provides for a suspension of the imposition of interest if the taxpayer timely files a return and the Secretary fails to provide the taxpayer with notice of liability and a basis for the liability before the close of the 1-year period (18-month period in the case of taxable years beginning before Jan. 1, 2004) beginning on the later of (1) the date on which the return is filed; or (2) the due date of the return without regard to extensions. See sec. 6404(g).  Sec. 6404(g) was added to the Code by sec. 3305(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 743 (1998).  Sec. 6404(g) is effective for tax years ending after July 22, 1998.  Therefore, sec. 6404(g) does not apply to this case.

Based on the foregoing reasons, we hold that respondent did not abuse his discretion when he denied petitioner's request for abatement of interest on the deficiency in income tax for 1992.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.