T.C. Memo. 2001-221

UNITED STATES TAX COURT

HAROLD AND BARBARA KUPERSMIT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8981-00.                    Filed August 14, 2001.

Harold and Barbara Kupersmit, pro sese.

<u>David A. Breen</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge John F. Dean pursuant to the provisions of section
7443A(b)(5) in effect when this case commenced, and Rules 180,
181, and 183.  Unless otherwise indicated, section references are
to the Internal Revenue Code as in effect for the tax years for
which petitioners seek abatement of interest.  All Rule

references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge: On July 14, 2000, respondent issued a notice of final determination denying petitioners' claim to abate interest for tax years 1996 and 1997. Petitioners challenged the determination by timely filing a petition under section 6404(i), as in effect at the time the petition was filed, and Rule 281.

The issue for decision is whether respondent committed an abuse of discretion by failing to abate assessments of interest relating to petitioners' 1996 and 1997 tax years.

Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Yardley, Pennsylvania, at the time their petition was filed with the Court.

Petitioners were issued a notice of deficiency for their 1994 tax year in 1997, and on June 24, 1997, the Court received and filed a petition for petitioners' 1994 tax year. The adjustments made to petitioners' 1994 income tax return primarily concerned unreported gambling income and the taxability of the Social Security income petitioner Harold Kupersmit (Mr.

Kupersmit) received on account of his disability.  On July 28, 1997, petitioners wrote to the Court and requested permission to combine tax years 1994, 1995, and 1996 in one proceeding because the same issues were involved in all 3 years.  Petitioners received a written response dated August 5, 1997, from a staff attorney at the Court stating that they could not amend their petition to include tax years for which they had not received a notice of deficiency.

Thereafter petitioners received a notice of deficiency with respect to their 1995 tax year.  Petitioners and respondent reached agreements with respect to their 1994 and 1995 tax years, and decisions were entered by the Court in February 1998.

Petitioners were first contacted by the Internal Revenue Service (IRS) with respect to their 1996 Federal income tax return on July 29, 1998, and a notice of deficiency was issued for 1996 on November 18, 1998.  With respect to their 1997 return, petitioners were first contacted by the IRS on January 13, 1999, and a notice of deficiency was issued for 1997 on April 7, 1999.  The notices of deficiency for petitioners' 1996 and 1997 tax years were based on adjustments to petitioners' income for unreported gambling winnings and taxable Social Security benefits, similar to the adjustments made to petitioners' 1994 and 1995 tax years.

Petitioners filed petitions with the Court for the 1996 and 1997 tax years, and the docketed cases were assigned to an IRS Appeals officer. On July 19, 1999, petitioners wrote to the Appeals officer and submitted documentation to support their gambling losses. On July 29, 1999, the Appeals officer wrote to petitioners informing them that she accepted the documentation for gambling losses and would allow the losses as itemized deductions up to the amount of petitioners' gambling winnings. She also agreed to waive penalties if petitioners agreed to the gambling adjustments and to the adjustments for their Social Security income for both years.

Petitioners did not reach a settlement with the Appeals officer, and the 1996 and 1997 cases were transferred to the IRS Chief Counsel's office in Philadelphia, Pennsylvania, for trial preparation. The cases were settled by the IRS trial attorney on the same terms as the offer made by the Appeals officer, and decisions were entered on September 23, 1999, for tax year 1996 and October 4, 1999, for tax year 1997. Petitioners are currently paying their 1996 and 1997 tax liabilities through an installment agreement. The penalties listed in petitioners' monthly statement from the IRS are failure to pay penalties.

Petitioners contend that they are entitled to have their interest abated because the IRS delayed adjusting their 1996 and 1997 income tax liabilities. Mr. Kupersmit argued at trial that

had he "been allowed to consolidate all four years, this matter would be settled and I wouldn't be here today." Petitioners further contend that their failure to include Social Security income on their returns was the result of erroneous verbal advice Barbara Kupersmit received from the "IRS Walk-In Service Center" in Trenton, New Jersey, when they were completing their 1994 return. Petitioners also suggest they are entitled to interest abatement because respondent assessed penalties against them for their failure to make payments in accordance with their installment agreement despite the fact that respondent conceded that petitioners were not liable for section 6662 penalties.

### Discussion

Pursuant to section 6404(i),[1] the Tax Court has the authority to review the Commissioner's denial of a taxpayer's request for abatement of interest. The Court may order an abatement where the Commissioner's failure to abate interest was an abuse of discretion. Sec. 6404(i). The taxpayer must demonstrate that the Commissioner, in failing to abate interest, exercised his discretion arbitrarily, capriciously, or without sound basis in law or fact. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

---

[1] Sec. 6404(i) was formerly designated sec. 6404(g) but was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 685, 743, 745.

Section 6404(e)(1), as applicable to petitioners' 1996 tax year, authorizes the Commissioner to abate the assessment of interest on: (1) Any deficiency attributable in whole or in part to any error or delay by an officer or employee of the IRS in performing a ministerial act, or (2) any payment of tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to an officer or employee of the IRS being erroneous or dilatory in performing a ministerial act. In 1996, section 6404(e) was amended by section 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. This amendment applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996. Woodral v. Commissioner, supra at 25 n.8. Accordingly, the amendment is applicable to petitioners' 1997 tax year.

An error or delay by an officer or employee of the IRS is taken into account only if no significant aspect of the error or delay can be attributed to the taxpayer involved. Sec. 6404(e)(1). Moreover, only errors or delays occurring after the IRS has contacted the taxpayer in writing with respect to the deficiency or payment are taken into account. Id. Thus, abatement of interest for the period between the date a taxpayer

files a return and the date the Commissioner commences an audit is not permitted under section 6404(e). Sims v. Commissioner, T.C. Memo. 1999-414 (quoting H. Rept. 99-426, at 844 (1986), 1986-3 C.B. (Vol. 2) 1, 844).

Temporary regulations interpreting section 6404(e) define the term "ministerial act" as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place." Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). A decision concerning the proper application of law, either Federal or State, is not a ministerial act. Id. Final regulations under section 6404, issued in 1998 and generally applicable to interest accruing on deficiencies or payments of tax for taxable years beginning after July 30, 1996, provide the same definition of ministerial act. Sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

A managerial act is defined in the final regulations as "an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel." Sec. 301.6404-2(b)(1), Proced. & Admin. Regs. A general administrative decision, such as the

IRS's decision on how to organize the processing of tax returns or its delay in implementing an improved computer system, is not a managerial act for which interest can be abated.  Id.

Petitioners have stipulated that their claim for abatement of interest is not based on the allegation that the assessment of interest is on any deficiency attributable to any unreasonable error or delay by an officer or employee of the IRS in performing a ministerial or managerial act.  We thus consider whether any error or delay by petitioners in paying their tax is attributable to an employee of the IRS being erroneous or dilatory in performing a ministerial or managerial act.

Petitioners have failed to establish any incidence of error or delay, unreasonable or otherwise, by an officer or an employee of the IRS in performing either ministerial or managerial acts that gave rise to assessments of interest on either deficiencies or payments for their 1996 and 1997 taxable years.  When petitioners met with Mr. Bibb, the IRS Appeals officer assigned to petitioners' 1994 and 1995 tax years, on October 7, 1997, Mr. Bibb reviewed petitioners' receipts of gambling winnings and losses and verified petitioners' gambling losses.  He also informed petitioners that the Social Security income they had received on account of Mr. Kupersmit's disability was taxable. Petitioners recall that they then informed Mr. Bibb that they had treated their gambling winnings and disability income on their

1996 and 1997 tax returns in the same manner that they had in 1994 and 1995. They recall that they informed Mr. Bibb that they would like to resolve their 1996 and 1997 tax years at that time. Mr. Kupersmit testified that they were told by Mr. Bibb to file amended returns. Mr. Bibb testified that he probably had advised petitioners to file an amended return for 1996, but he pointed out that on October 7, 1997, petitioners would not yet have filed their 1997 return.

Although petitioners would like to have resolved all their tax years at the same time, Mr. Bibb committed no error or delay in reviewing only those tax years assigned to him. Furthermore, at the time petitioners met with Mr. Bibb, the IRS had not contacted petitioners regarding their 1996 tax year, and petitioners had yet to file their 1997 return. Thus, Mr. Bibb's actions are not to be taken into account with respect to interest accruing for petitioners' 1996 and 1997 tax years. Sec. 6404(e)(1).

Petitioners also appear to argue that their interest should be abated because they completed their 1996 and 1997 returns in accordance with verbal advice they received from an IRS employee in 1995 regarding the taxability of their Social Security income. Petitioners may be seeking relief under section 6404(f)(1), which generally calls for the abatement of any portion of any penalty or addition to tax attributable to erroneous advice furnished to

a taxpayer in writing by an officer or employee of the IRS, acting in his or her official capacity. Petitioners, however, do not allege that they have been assessed any penalty or addition to tax attributable to written advice.

The advice petitioners testified they received and relied upon does not constitute a ministerial or managerial act, and it was received well before petitioners were contacted by the IRS regarding their 1996 and 1997 tax years. Moreover, petitioners learned in 1997 when they met with Mr. Bibb that the advice was erroneous.

Finally, petitioners contend that respondent erroneously assessed penalties against them for tax years 1996 and 1997 in disregard of the terms of their settlement agreement and the decision documents entered in their cases. Petitioners have stipulated that the penalties listed on their monthly statement from the IRS are penalties for failure to make payments under the terms of their installment agreement. These penalties are unrelated to the section 6662(a) penalties conceded by respondent in settling petitioners' cases.

The record does not support the existence of any erroneous or dilatory ministerial or managerial actions on the part of respondent, unreasonable or otherwise, which gave rise to assessments of interest with respect to petitioners' 1996 and

1997 tax years.  We therefore hold that respondent's failure to abate interest was not an abuse of discretion.

We have considered all other arguments advanced by petitioners and, to the extent not discussed above, have found those arguments to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.