T.C. Memo. 2001-319

UNITED STATES TAX COURT

KENNETH D. HANKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13039-00.             Filed December 27, 2001.

Kenneth D. Hanks, pro se.

<u>Audrey M. Morris</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge John F. Dean pursuant to the provisions of section 7443A(b)(5) as in effect when this case commenced, and Rules 180, 181, and 183. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the tax years for which petitioner seeks abatement of interest.  All Rule references are to the Tax Court Rules of Practice and

Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  On July 31, 2000, respondent issued a notice of final determination denying petitioner's claim for the abatement of interest for tax years 1990 and 1991. Petitioner challenged the determination by timely filing a petition under section 6404(i), as in effect at the time the petition was filed, and Rule 281.

The issue for decision is whether respondent abused his discretion by failing to abate assessments of interest relating to petitioner's 1990 and 1991 tax years.

Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference.  Petitioner resided in Hutchins, Texas, at the time his petition was filed with the Court.

Petitioner's 1990 and 1991 Federal income tax returns were subjected to examination by the Internal Revenue Service (IRS) beginning on February 2, 1993.  His first meeting with the revenue agent assigned to perform the examination took place on March 1, 1993.  The revenue agent referred petitioner's case to the Criminal Investigation Division (CID) of IRS on November 2,

1993.  The referral was evaluated and accepted by CID for investigation.

CID worked on the case from April or May of 1994 until it recommended that petitioner be prosecuted for attempted income tax evasion under section 7201 for both 1990 and 1991.  The recommendation was forwarded to the Department of Justice for consideration on January 27, 1997.  The Department of Justice declined to prosecute the case and in late March or early April of 1997 the case was returned to the revenue agent for civil disposition.

The revenue agent issued his first report on May 13, 1997. After receiving additional information from petitioner or his representatives, a revised revenue agent's report was issued on February 18, 1998.

Petitioner requested consideration of his case by the Appeals Division of the IRS on April 20, 1998.  The Appeals Division settled with petitioner on income tax adjustments for 1990 and 1991.  Petitioner and an Appeals Division representative signed a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, dated May 20, 1999.  On the form, petitioner agreed to the assessment of Federal income tax deficiencies of $9,485 for 1990 and $41,836 for 1991 as well as accuracy-related penalties under

section 6662(a) of $1,897 and $8,367.20 for the respective years.

On August 18, 1999, petitioner filed his claim for interest abatement for 1990 and 1991 for the period after July 9, 1993. The notice of full disallowance-final determination, upon which this case is based, was issued to petitioner by the Appeals Division of IRS in Dallas, Texas, on July 31, 2000.

## Discussion

Petitioner argues that section 6404 provides that the Commissioner may abate interest attributable to unreasonable error or delay and that in his case there was "continuous delay after delay after delay, and error after error after error." It appears to the Court from the record that petitioner's complaint is that it took too long to resolve his tax matters for 1990 and 1991.

Pursuant to section 6404(i)[1], the Tax Court has the authority to review the Commissioner's denial of a taxpayer's request for abatement of interest. The Court may order an abatement where the Commissioner's failure to abate interest was an abuse of discretion. Sec. 6404(i). The taxpayer must demonstrate that the Commissioner, in failing to abate interest, exercised his discretion arbitrarily, capriciously, or without

---

[1] Section 6404(i) was formerly designated section 6404(g) but was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743, 745.

sound basis in law or fact.  <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Section 6404(e)(1) authorizes the Commissioner to abate the assessment of interest on:  (1) Any deficiency attributable in whole or in part to any error or delay by an officer or employee of the IRS in performing a ministerial act, or (2) any payment of tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to an officer or employee of the IRS being erroneous or dilatory in performing a ministerial act.

In 1996, section 6404(e) was amended by section 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts.  This amendment applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996.  <u>Woodral v. Commissioner</u>, <u>supra</u> at 25 n.8.  Accordingly, the amendment is not applicable to petitioner's 1990 and 1991 tax years.

An error or delay by an officer or employee of the IRS is taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved.  Sec. 6404(e)(1).  Moreover, only errors or delays occurring after the IRS has contacted the taxpayer in writing with respect to the deficiency or payment are taken into account.  <u>Id.</u>  Thus,

abatement of interest for the period of time between the date a taxpayer files a return and the date respondent commences an audit is not permitted under section 6404(e).  Sims v. Commissioner, T.C. Memo. 1999-414 (quoting H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 844).

Temporary regulations interpreting section 6404(e) define the term "ministerial act" as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place."  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).  A decision concerning the proper application of law, either Federal or state, is not a ministerial act.  Id.

Petitioner has not taken the position that his claim for abatement of interest is based on the assessment of a deficiency attributable to any error or delay by an officer or employee of the IRS in performing a ministerial act.  See sec. 6404(e)(1)(A). The Court will thus consider whether an officer or employee of the IRS committed any error or delay in performing a ministerial act which resulted in an assessment of interest on any payment with respect to petitioner's 1990 and 1991 tax years.  See sec. 6404(e)(1)(B).

In a letter attached to his request for abatement, and at trial, petitioner's primary complaint seemed directed at the

length of the civil and criminal examination process rather than at any particular error or act of delay committed by an IRS employee. The mere passage of time, however, does not establish error or delay in performing a ministerial act. Scott v. Commissioner, T.C. Memo. 2000-369; Hawksley v. Commissioner, T.C. Memo. 2000-354. Taking several years to complete an examination due to the use of third-party summonses made necessary by difficulties in obtaining documentation, and to the Commissioner's suspicion of fraud, does not prove erroneous or dilatory ministerial acts by respondent. Banat v. Commissioner, T.C. Memo. 2000-141. The Commissioner's decision not to proceed with the civil case during a criminal fraud investigation and prosecution is not a ministerial act. Taylor v. Commissioner, 113 T.C. 206 (1999).

Petitioner did make an unfocused allegation that the revenue agent failed to return to him some records obtained during the civil examination. The revenue agent, however, testified that most of the documents used in the examination were photocopies obtained by the use of "third-party recordkeeper" summonses. See sec. 7609. The revenue agent also testified that the limited number of original documents that he did obtain were returned to

petitioner as shown in his case activity record, copies of pages of which were stipulated by the parties.

Petitioner has failed to describe or establish any error or delay by an officer or an employee of the IRS in performing a ministerial act that gave rise to assessments of interest on either deficiencies or payments for his 1990 and 1991 taxable years. The Court therefore holds that respondent's failure to abate interest was not an abuse of discretion.

The Court has considered all other arguments advanced by petitioner, and, to the extent not discussed above, has found those arguments to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.