T.C. Memo. 2004-254

UNITED STATES TAX COURT

ROBERT LEE McELROY, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7440-02.                    Filed November 8, 2004.

Robert L. McElroy, Jr., pro se.

Natasha V. Chevalier, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  On October 18, 2001, respondent issued a
notice of final determination disallowing petitioner's claim for
an abatement of interest on income tax liabilities for 1995.  The
sole issue for decision is whether respondent abused his
discretion in failing to abate the assessment of interest.

Background

The parties submitted this case fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Flower Mound, Texas, at the time he filed his petition.

In February of 1995, petitioner withdrew $33,614.75 from his qualified retirement savings plan. Petitioner reported the withdrawal on his 1995 Federal income tax return but did not report the 10-percent additional tax imposed by section 72(t)[1] for an early distribution from a qualified retirement plan.

Respondent determined a deficiency of $1,643 in petitioner's 1995 Federal income tax. In Robert L. McElroy, Jr. v. Commissioner, T.C. Summary Opinion 2000-150, we held petitioner liable for the 10-percent additional tax. Therein, petitioner also argued that he should not be required to pay interest on the deficiency. We held that we did not have jurisdiction over the interest that accrued on petitioner's deficiency because the deficiency had not been assessed.

On December 19, 2000, respondent received a payment of $1,643 from petitioner for his 1995 tax liability and a letter contesting the related interest liability. Respondent treated the letter as a request for interest abatement and denied the

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

request. Petitioner owed $813.40 in accrued interest and an $8.21 penalty for failure to pay the interest when demanded, and respondent offset $821.61 of petitioner's 2000 tax refund to satisfy this liability.

Discussion

If the Commissioner abuses his discretion in failing to abate interest under section 6404, this Court may order an abatement. Sec. 6404(h)(1). In order to prevail, a taxpayer must prove that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999). On brief, petitioner states that respondent did not notify him of the section 72(t) additional tax until 2-1/2 years after his 1995 Federal income tax return was filed. Accordingly, petitioner appears to rely upon section 6404(e)(1) and (g)(1).

Under preamendment section 6404(e),[2] the Commissioner "may abate the assessment of interest on any payment of tax to the extent that any error or delay in payment is attributable to an

---

[2] In 1996, sec. 6404(e) was amended under sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Secretary to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. This amendment, however, applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996; therefore, the amendment is inapplicable to the case at bar. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

officer or employee of the IRS being erroneous or dilatory in performing a ministerial act." Lee v. Commissioner, 113 T.C. 145, 148 (1999). Petitioner has not alleged a ministerial error or delay within the meaning of section 6404(e). Furthermore, the evidence does not establish that respondent committed a ministerial error or delay requiring an abatement of interest.

Section 6404(g) is effective only for tax years ending after July 22, 1998. Nerad v. Commissioner, T.C. Memo. 1999-376. Consequently, section 6404(g)(1) is inapplicable because petitioner is seeking an abatement of interest on his income tax liability for the taxable year 1995.

In reaching our holdings herein, we have considered all of petitioner's arguments, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered for respondent.