T.C. Memo. 2008-99


UNITED STATES TAX COURT


MICHAEL POINDEXTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14979-05L.            Filed April 15, 2008.


Larry D. Harvey, for petitioner.

Sara J. Barkley, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his discretion in sustaining the default of petitioner's offer-in-compromise and determining to proceed with collection.

FINDINGS OF FACT

On November 21, 1997, respondent accepted petitioner and his wife Nancy Poindexter's joint offer-in-compromise (OIC) relating to tax years 1990, 1991, 1992, 1993, 1994, and 1995 (original tax liability). The OIC required petitioner to file timely all Federal income tax returns and pay timely all Federal income taxes due for the 5 years following acceptance of the OIC or until the OIC was paid in full, whichever was longer. Petitioner failed to timely pay his 2000 and 2001 Federal income taxes. On October 22, 2003, respondent sent petitioner a letter advising him of the outstanding balances relating to 2000 and 2001 and notifying him that failure to pay the balances within 30 days would result in a default on the OIC and reinstatement of the original tax liability. Petitioner, in a letter dated November 22, 2003, requested an additional 6 months to pay the outstanding balances relating to 2000 and 2001.

On December 19, 2003, respondent entered petitioner's default on the OIC in the system. On September 9, 2004, respondent mailed petitioner a Notice of Intent to Levy and Your Right to a Hearing relating to 1993, 1994, and 1995. On September 23, 2004, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing. On December 21, 2004, more

than a year after the OIC default, petitioner paid the outstanding balances relating to 2000 and 2001.

On or about April 26, 2005, a collection due process hearing (CDP hearing) was held, during which petitioner contended that collection was improper because the OIC should not have been defaulted. On July 14, 2005, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 finding that default of the OIC was procedurally and legally correct, and that it was proper to proceed with the levy.

Petitioner filed his petition with the Court on August 12, 2005, while residing in Colorado.

                              OPINION

Pursuant to <u>Robinette v. Commissioner</u>, 123 T.C. 85, 93-94 (2004), revd. on other grounds 439 F.3d 455 (8th Cir. 2006), the underlying tax liabilities are not at issue and we review respondent's determination for an abuse of discretion. To prevail on an abuse of discretion claim, the taxpayer must show that the Commissioner's actions were arbitrary, capricious, or without sound basis in law or fact. See <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007); <u>Woodral v. Commissioner</u>,

112 T.C. 19, 23 (1999).  Section 6330(c)(3)[1] provides that in making a determination, the Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider the issues raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection be no more intrusive than necessary.  Petitioner contends that the Appeals officer abused her discretion by sustaining the default of the OIC.  We disagree.

The OIC, which was accepted on November 21, 1997, required petitioner to pay timely all Federal income taxes due for the 5 years following acceptance.  Petitioner failed to pay his 2000 and 2001 taxes in a timely manner and did not respond in a timely manner to respondent's letter advising him of the impending OIC default.  In addition, petitioner did not propose collection alternatives.  Under these circumstances, the Appeals officer's actions were appropriate.  We also note that petitioner asserts that the Appeals officer abused her discretion by failing to adhere to certain instructions that petitioner contends were contained in the Internal Revenue Manual.  The instructions upon

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

which petitioner relies, however, were promulgated several years after the OIC default.  Thus, we reject petitioner's contentions and sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

<u>Decision will be entered for</u>

<u>respondent</u>.