T.C. Memo. 2016-59

UNITED STATES TAX COURT

BRENDA KAPPOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11860-14.                         Filed March 31, 2016.

Brenda Kappos, pro se.

Bryan J. Dotson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Petitioner brings this case seeking review of respondent's

determinations regarding her interest abatement claim under section 6404(h)(1).[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** Petitioner meets the net worth requirement of section 7430(c)(4)(A)(ii), and she filed a timely petition. The parties have largely settled the disputed interest, but, as we interpret her position, petitioner continues to assert that she is entitled to interest on $87.08 for at least one year.

One might find a dispute of such a small amount trivial, but petitioner is very earnest. Nevertheless, for various reasons petitioner's claim is not properly remedied by abatement of interest, as we will explain.

FINDINGS OF FACT

Petitioner was a resident of Texas when the petition was filed, and the facts have been fully stipulated. Petitioner herself explains her case as follows:

> This case is a claim for refund of overpayment on deficiency interest for tax year 2008. The underlying tax of the tax deficiency has never been in dispute. No change occurred in reportable amounts of [p]etitioner's 2008 income tax return, but a tax deficiency resulted because an IRS examination on a flow-through entity of [t]axpayer's tax return changed capital gains income to ordinary income. The effect upon [p]etitioner's tax liability was a tax deficiency from the change in tax rate at the ordinary income rate rather than the capital gains tax rate. Petitioner did not dispute the additional tax on the change of the flow-through entity income at her ordinary income tax rate; but [p]etitioner filed a claim for over assessment of the interest on that tax deficiency. Respondent conceded to and corrected an error in the original interest calculation that had over assessed interest upon [p]etitioner's 2008 tax deficiency. However, a separate issue of IRS error in [p]etitioner's 2007 tax account was corrected subsequent to the notice of deficiency and [r]espondent's interest calculation has

**[*3]**   failed to allow [p]etitioner benefit of an overpayment in her 2008 tax account for that IRS correction of error in her 2007 tax account.

Petitioner states that she seeks a refund and not simply the abatement of interest which is the only relief available in this case.  Ultimately, this is one of the reasons her claim in this matter must fail.  The overpayment for 2007 has been credited to her 2008 account, but petitioner seeks lost interest on this $87.08 credit.

Petitioner's 2007 Income Tax Liability

On April 15, 2008, petitioner filed a request for an extension of time to file her 2007 income tax return and remitted a $16,000 check.  Respondent recorded the received date of the $16,000 payment as May 7, 2008, but it is not disputed that the check was mailed with the request for an extension of time on April 15, 2008.

On October 15, 2008, petitioner filed her income tax return for 2007 with $10,110 of total tax shown as due.  Petitioner claimed an overpayment of $6,789 on the income tax return she filed for tax year 2007 attributable to the $16,000 payment and $900 of refundable credits.  Petitioner elected to credit $5,889 of the overpayment she claimed on her 2007 income tax return to her 2008 estimated tax and requested that the remaining $900 be refunded to her.  Respondent refunded

[*4] $900 of the overpayment petitioner claimed on her 2007 income tax return on November 10, 2008.

On November 3, 2008, respondent assessed interest of $36.53 and a failure to pay addition to tax of $50.55 against petitioner for tax year 2007 because respondent had recorded the received date of the $16,000 check as May 7, 2008. The amount of the overpayment petitioner claimed on her 2007 income tax return that respondent credited to her 2008 estimated tax was reduced to $5,801.92 to account for the $87.08 used to pay the interest and the failure to pay addition to tax assessed on November 3, 2008.

Petitioner claims in her brief that sometime after May 16, 2012, she filed a claim for refund of the $87.08 respondent had applied against the interest and failure to pay addition to tax assessed against her for 2007.

On December 3, 2012, respondent abated the interest and the failure to pay addition to tax of $87.08 assessed against petitioner for tax year 2007. Respondent transferred the $87.08 credit resulting from the abatement to petitioner's 2008 account, which is consistent with the original instruction petitioner gave the Internal Revenue Service (IRS) when she filed her 2007 return on October 15, 2008. The effective date of the $87.08 credit was November 10, 2008, which allowed no interest to arise on that amount for petitioner's 2008

**[*5]** liability as the liability was reduced by $87.08 as of the date first due, April 15, 2009.  Respondent did not credit any overpayment interest on the $87.08, and petitioner was never refunded the $87.08.

Petitioner's 2008 Income Tax Liability

The payments petitioner claimed on her 2008 income tax return were an overpayment of $5,889 petitioner elected to credit from 2007 and a $30,000 payment petitioner remitted with her request for an extension of time to file her 2008 return.  Petitioner timely filed her income tax return for 2008, reporting $24,989 of total tax due.  Petitioner reported an overpayment of $10,900 on that return and requested that $7,500 of the overpayment be applied to her 2009 estimated tax with the remaining $3,400 refunded to her.  Respondent applied $7,500 of the overpayment to petitioner's 2009 estimated tax and refunded $3,312.92 of the overpayment to her, i.e., the $3,400 reduced by $87.08.

In 2008 petitioner owned 10.495% of Lemans II, LLC.  Lemans II, LLC, owned 12.5% of Lemans 2006, LLC.  Lemans 2006, LLC, owned 20.45% of CWD, LLC.  Lemans II, LLC, Lemans 2006, LLC, and CWD, LLC, were partnerships for purposes of Federal income tax.

**[*6]**    Respondent examined the income tax return that CWD, LLC, filed for 2008. On the basis of that examination, respondent determined that CWD, LLC, had underreported its income.  On the basis of the adjustments respondent made to the income tax return that CWD, LLC, filed for 2008, there was a deficiency in petitioner's 2008 income tax of $9,111.

Respondent notified petitioner of the 2008 income tax deficiency and the basis for that deficiency on April 18, 2012.  Respondent assessed the 2008 income tax deficiency and $727.37 of interest on that deficiency and mailed petitioner a Notice of Tax Due on Federal Tax Return on May 16, 2012, demanding payment of the 2008 income tax deficiency and interest.  Petitioner does not contest the validity of this assessment.

Petitioner's Interest Abatement Claim

On August 2, 2012, petitioner filed a Form 843, Claim for Refund and Request for Abatement, on which she requested the abatement of interest assessed on the 2008 income tax deficiency.  In her claim for abatement of interest petitioner argued that the interest assessed on the 2008 income tax deficiency should be abated because she had large overpayments for her subsequent tax years and therefore never underpaid.  Respondent abated interest for April 15, 2009 through 2010, on $5,569 of the additional tax due.

**[*7]** Petitioner also argued that she was entitled to a credit of $87.08 because respondent had erroneously assessed an addition to tax and interest against her for 2007. As stated previously, issues have been resolved, including respondent's concession of the $87.08. As we understand petitioner's position, only the claim for interest for April 15, 2008 through 2009, on the $87.08 remains for our resolution.

OPINION

Pursuant to section 6404(e)(1), the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of income tax to the extent that any unreasonable error or delay in payment is attributable to erroneous or dilatory performance of a ministerial or managerial act by an officer or employee of the IRS. An error or delay by an IRS officer or employee will be taken into account only if no significant error or delay can be attributed to the taxpayer involved and only if it occurs after the IRS has contacted the taxpayer in writing with respect to the deficiency or payment. Id.; sec. 301.6404-2(a)(2), Proced. & Admin. Regs. The Court reviews a denial of a request to abate interest for abuse of discretion. Sec. 6404(h)(1); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). A denial of a request to abate interest constitutes an abuse of discretion if performed in a manner that is arbitrary, capricious, or without sound basis in law

[*8] or fact.  <u>Woodral v. Commissioner</u>, 112 T.C. at 23.  Section 6404 is not the

vehicle for seeking a refund based upon an overpayment or interest on an

overpayment.

Petitioner further explains her version of her tax account as follows.

Petitioner's actual 2008 tax account until the May 16, 2012 tax deficiency

assessed:

| | | |
|---|---|---|
| Return filed and tax assessed | $24,989.00 | |
| Overpaid credit from prior tax period | | $5,801.92 |
| Subsequent deposit payment | | 30,000.00 |
| Refunded to taxpayer | 3,312.92 | |
| Credit elect to taxpayer 2009 tax account | 7,500.00 | |
| Balance | -0- | |

If adjusting the original calculation (Attachment 1) so that the
$5,801,92 credit elect is corrected to $5,889, and the $3,312.92
refund is corrected to $3,400; the original interest calculation of
$727.37 would have been $725.16.  Petitioner would have had the use
of her $87.08 from November 16, 2009, until the notice of the 2008
tax deficiency on May 16, 2012.  Using average interest rate of the
IRS rates, [p]etitioner would have had approximately $93 for which
to pay upon the notice of deficiency.  The same adjustments can be
made to Respondent's interest calculation, which through the date of
the notice of deficiency, the interest total would be slightly higher by
$5.55 but [p]etitioner would have had the approximate $93 of her
funds to pay upon the notice of deficiency.  Petitioner would thereby
not have been assessed debit interest for being underpaid by the

**[\*9]**     amount of the IRS error; AND [p]etitioner would have had full use of her funds with which to earn benefit from its use for payment upon the later determined tax deficiency.  Respondent's interest calculation says that since debit interest has not been accrued for [p]etitioner being underpaid by the amount of the error; the IRS can just keep the benefit of use of her funds.

Petitioner's analysis has several flaws that we will summarize at this point.  She overlooks that had she been given the refund she alludes to, she would have owed interest on $87.08 from April 2009 until paid; the payment date is not clear in her hypothetical.  More importantly, respondent under these facts was authorized to credit the $87.08 from 2007 to 2008, which resulted in no interest charge to her for 2008.  In addition, while it was an error for the IRS to assert the $87.08 originally, petitioner's claim that we should assume a hypothetical refund is simply not authorized by section 6404 and not an available remedy.  We note that respondent's decision to credit the $87.08 to the 2008 liability as of November 2008 is consistent with the original treatment petitioner requested on October 15, 2008.  We find no error in that treatment.

Additionally, petitioner argues that she is entitled to accrued interest for April 15, 2008, the date she believes that the overpayment arose, through April 15, 2009, the date that the overpayment was applied to another tax liability.  Petitioner's position is misguided.  Because petitioner was granted an extension of

[*10] time to file her 2007 income tax return, her overpayment did not occur until October 15, 2008, the extended due date for her return. See sec. 6081. And if petitioner were to receive a hypothetical refund of the $87.08, respondent would not be required to pay interest on that amount if it was returned within 45 days. See sec. 6611(e). Thus, even if we were permitted to grant petitioner interest for the period for which she requests it, that period would be limited to November 29, 2008 through April 15, 2009. Petitioner considers this case "a claim for refund of overpayment on deficiency interest for tax year 2008", and if it is, we lack jurisdiction to provide her the remedy she seeks. See sec. 6512.

If, on the other hand, this is a claim for abatement of interest, then petitioner would not be entitled to interest on her overpayment because the overpayment was properly determined to be a credit against estimated tax. See sec. 6513(d). Because an overpayment of income tax that is claimed as a credit against estimated tax for the succeeding taxable year is considered a payment of income tax for the succeeding taxable year, no interest is paid from the date of the overpayment until the due date of the succeeding year's income tax liability. Sec. 6611(d); sec. 301.6402-3(a)(2), Proced. & Admin. Regs.

Had respondent not assessed the interest and failure to pay addition to tax, totaling $87.08, and withheld those amounts from the credit elect from 2007,

**[*11]** petitioner would not be entitled to overpayment interest on the $87.08. Abating and crediting the $87.08 to petitioner's 2008 income tax liability, with an effective date of November 10, 2008, therefore, put petitioner in the same position she would have been in had the interest and failure to pay addition to tax not been assessed. As a result, respondent's failure to credit overpayment interest on the $87.08 and credit that overpayment interest to petitioner's 2008 income tax liability was not an unreasonable error or delay.

Petitioner's argument that she, hypothetically, would have received a refund of the $87.08 on April 15, 2009, is not a basis for an abatement of interest as it is not based upon interest that was assessed and may be abated.

Conclusion

Petitioner's position is not authorized by either section 6404 or section 6611(d), and we deny her claim for what she admits is a "minuscule" amount. In fact petitioner's claim for "the total value of money" is not actually an abatement claim as she admits she has been credited with the $87.08 against her 2008 tax liability and no interest on that amount is included in the IRS computation. Finally, petitioner was not disadvantaged by the treatment of the $87.08 ultimately provided.

**[\*12]** The Court has considered all other arguments made by the parties and, to the extent not specifically addressed herein, has concluded that they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.