T.C. Memo. 2002-205

UNITED STATES TAX COURT

BILLYE S. CANNON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13033-00.                    Filed August 15, 2002.

Billye S. Cannon, pro se.

<u>Charles Pillitteri</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Lewis R. Carluzzo pursuant to section 7443A(b)(5) and Rules
180, 181, and 183.[1]  The Court agrees with and adopts the opinion

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended and in effect at the
time that the petition was filed.  Rule references are to the Tax
Court Rules of Practice and Procedure.

of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

CARLUZZO, Special Trial Judge: In this case, filed pursuant to section 6404(i),[2] petitioner claims that respondent's failure to abate interest with respect to her 1990 Federal income tax liability is an abuse of discretion.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time that the petition was filed, petitioner resided in Biloxi, Mississippi, and her net worth did not exceed $2 million.

Petitioner filed a timely 1990 Federal income tax return. Attached to that return are several Forms W-2, Wage and Tax Statement, from the following employers in the following amounts:

| Employer | Amount |
|----------|--------|
| Solo Serve Corp. | $  530 |
| Wolf Camera Inc. | 1,020 |
| PCA National, Inc. | 1,409 |
| Temporaries, Inc. | 1,477 |
| Total | 4,436 |

Petitioner also worked as a paralegal for the law firm of Smith, Currie & Hancock (the law firm) during 1990. At the time she filed her return, she could not locate any yearend earnings statements from the law firm, so she estimated those earnings to

--------

[2]  After the petition was filed in this case, sec. 6404(i) was redesignated sec. 6404(h) by the Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), (f), 115 Stat. 2434-2435.

be $11,767, as indicated by a calculator tape attached to her return.

The $16,204 reported as "wages, salaries, tips, etc." on petitioner's 1990 return is the sum of the wages reported on the Forms W-2 listed above, plus petitioner's estimate of her earnings from the law firm. Taking into account unchallenged deductions, her 1990 return lists her Federal income tax liability as $1,639. Federal income tax withholdings of $449 are applied against this liability resulting in a Federal income tax of $1,190 to be paid with her return. No income tax payment, however, was submitted with petitioner's return. Statements contained in a letter attached to petitioner's 1990 return suggest that petitioner might have been experiencing financial difficulties at the time her 1990 return was filed.

On May 20, 1991, respondent assessed the income tax liability of $1,639 reported on petitioner's 1990 return, plus a late payment penalty of $11.90, and interest of $11.47. The late payment penalty and interest take into account the Federal income tax withholdings reported on petitioner's return.

As it turned out, petitioner underestimated and underreported her 1990 earnings from the law firm. On November 27, 1992, respondent, reacting to information received from the law firm, sent petitioner a notice of proposed changes to her 1990 return. In that notice, respondent proposed to increase

petitioner's income by $12,846, the amount reported on a Form 1099-Misc., Nonemployee Compensation, issued to petitioner by the law firm. Respondent further proposed that the increased income constituted net earnings from self-employment.

By letter dated December 22, 1992, petitioner disagreed with the adjustments proposed by respondent. In that letter petitioner indicated that the income from the law firm was "still in dispute" and challenged respondent's claim that she was self-employed during 1990. Attached to her letter is a copy of a Form SS-8, Information for Use in Determining Whether a Worker is an Employee for Federal Employment Taxes and Income Tax Withholding.

No deficiency has been determined with respect to petitioner's 1990 Federal income tax. Although the timing is not entirely clear, at some point after receipt of petitioner's December 22, 1992, letter, respondent recognized that $11,767 of the $12,846 reported on the above-mentioned Form 1099 had been included in the wages reported on petitioner's 1990 return. After further examination, respondent also accepted petitioner's claim that she was an employee of the law firm during 1990 and therefore not liable for any self-employment tax. Petitioner was notified of respondent's decision as to her employment status by letter dated May 4, 1993.

Thereafter, in a Form 1040X, Amended U.S. Individual Income Tax Return, dated April 11, 1994, petitioner reported an increase in taxable income of $1,088 (which includes the difference between her actual and estimated earnings from the law firm) and a resultant additional income tax liability of $157. No payment was submitted with the amended return.

On June 30, 1999, petitioner filed a Form 843, Claim for Refund and Request for Abatement, requesting abatement of interest on her 1990 Federal income tax liability. Respondent concluded that the delay in payment of petitioner's 1990 Federal income tax liability was not attributable to a ministerial error on respondent's part and therefore denied petitioner's claim in a notice of final determination dated July 25, 2000.

## OPINION

Subject to exceptions not relevant here, interest on an underpayment of income tax begins to accrue on the due date of the return for such tax and continues to accrue, compounding daily, until payment is made. Secs. 6601(a), 6622(a).

The Commissioner may abate the assessment of interest with respect to a taxpayer's Federal income tax liability if: (1) The delay in a payment of such tax is attributable to an official or employee of the Internal Revenue Service being erroneous or dilatory in performing a ministerial act after the Internal Revenue Service has contacted the taxpayer in writing with

respect to the tax; and (2) no significant aspect of such delay can be attributed to the taxpayer involved.  Sec. 6404(e)(1).[3] In accordance with the provisions of section 6404(i), a taxpayer whose claim for abatement under section 6404(e) has been denied may petition this Court for a determination whether the Commissioner's failure to abate interest was an abuse of discretion.

In this case petitioner seeks abatement of interest with respect to a Federal income tax liability assessed pursuant to amounts reported on her 1990 original and amended returns. Generally, the relief provided by section 6404 is not available under those circumstances.  As noted in the legislative history of that section, "if a taxpayer files a return but does not pay the taxes due, * * * [section 6404] would not permit abatement of this interest regardless of how long the IRS took to contact the taxpayer and request payment."  S. Rept. 99-313 (1985), 1986-3 C.B. (Vol. 3) 1, 208; see also Smith v. Commissioner, T.C. Memo. 2002-1.

Moreover, petitioner has failed to demonstrate that the

---

[3]  In 1996, sec. 6404(e) was amended by sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Secretary to abate interest with respect to "unreasonable" error or delay resulting from "managerial" and ministerial acts.  This amendment, however, applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996.  This case involves petitioner's 1990 tax year; therefore, the amendment is inapplicable here. Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

delay in payment of her 1990 Federal income tax liability is attributable to anything other than her own conduct.  She certainly has not demonstrated that the delay is attributable to an official or employee of respondent being erroneous or dilatory in performing a ministerial act.  To the extent that petitioner suggests that the relevant "delay" is measured by the time it took for respondent to resolve the dispute involving her employment status, we note that the determination of employee status involves the exercise of judgment and the proper application of Federal tax and common law.  Sec. 3121(d); Ewens and Miller, Inc. v. Commissioner, 117 T.C. 263 (2001).  As such, it is not a ministerial act and cannot provide the requisite basis for abating interest under section 6404(e).  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).

As we view the matter, the interest that accrued on petitioner's 1990 Federal income tax as a result of any delay in the payment of that tax is, simply put, attributable to her failure, for financial or other undisclosed reasons, to pay such tax when due.  Consequently, petitioner is not entitled to an abatement of interest under section 6404 with respect to her 1990 Federal income tax.  It follows that respondent's failure to abate such interest is not an abuse of discretion.

To reflect the foregoing,

Decision will be

entered for respondent.