T.C. Memo. 2003-283

UNITED STATES TAX COURT

JACKIE H. HUNT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5681-02.          Filed October 2, 2003.

<u>Hugh O. Mussina</u>, for petitioner.

<u>Audrey M. Morris</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  On September 18, 2001, respondent issued a
notice of final determination disallowing petitioner's claim for
abatement of interest on income tax liabilities for 1982.
Petitioner timely filed a petition with this Court on March 11,
2002, for review of respondent's failure to abate interest.  The
issue for decision is whether petitioner is entitled to an

abatement of interest under section 6404(g).[1]  We hold that section 6404(g) does not apply.

Background

The parties submitted this case fully stipulated.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Mason, Texas, at the time she filed her petition.

On her 1982 Federal income tax return, petitioner claimed a $23,174 loss from Yuma Mesa Jojoba, Ltd. (the partnership).  This Court in Cactus Wren Jojoba, Ltd. v. Commissioner, T.C. Memo. 1997-504, filed November 10, 1997, upheld the Commissioner's determination denying research and experimental deductions of $1,298,031 taken by the partnership for 1982.  On October 13, 1998, petitioner's claimed loss was disallowed in a tax calculation which was made pursuant to the partnership level proceedings, resulting in a deficiency in her 1982 Federal income tax of $11,587.  On December 18, 1998, respondent issued a statutory notice of deficiency to petitioner for the taxable year 1982, determining additions to tax pursuant to sections 6653(a)(1) and (2), and 6661.  On December 31, 1998, petitioner filed a claim for abatement of the interest with respect to the deficiency determination.  On August 16, 1999, petitioner paid the $11,587 deficiency.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

Petitioner challenged the imposition of the additions to tax to this Court. On January 25, 2001, the Court in an opinion sustained the Commissioner's determination with respect to the additions to tax. Hunt v. Commissioner, T.C. Memo. 2001-15.

On September 18, 2001, respondent issued a notice of final determination disallowing petitioner's claim for interest abatement for 1982. Petitioner filed a timely petition and an amended petition for review of respondent's failure to abate interest.

Discussion

Where the Commissioner abuses his discretion in failing to abate interest under section 6404, this Court may order abatement. Sec. 6404(h)(1). In order to prevail, a taxpayer must prove that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999). In her petitions, petitioner's only allegation is that respondent abused his discretion by failing to apply section 6404(g).

In her petitions and on brief, petitioner relies solely on section 6404(g)(1).[2] Section 6404(g) was added to the Code by

_____

[2] Sec. 6404(g)(1) requires the suspension of interest if the taxpayer timely files a return and the Secretary fails to notify the taxpayer of the liability and a basis for the liability before 1 year (18 months with respect to taxable years beginning after July 22, 1998, and before Jan. 1, 2004) from the later of (1) the date on which the return is filed, or (2) the due date of

(continued...)

section 3305(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685, 743. Pursuant to RRA 1998, section 6404(g) is effective only for tax years ending after July 22, 1998. Nerad v. Commissioner, T.C. Memo 1999-376. Consequently, section 6404(g)(1) does not apply because petitioner is seeking an abatement of interest on her income tax liabilities for the taxable year 1982.[3]

Petitioner expressly states on brief that she is not seeking relief under any subsection other than section 6404(g). She raises no other issues, and has presented no other facts or evidence to establish that she is entitled to interest abatement if section 6404(g) does not apply. Based on the foregoing, we hold that petitioner is not entitled to an abatement of interest on the deficiency in income tax for 1982.

Decision will be entered for respondent.

---

[2](...continued)
the return without regard to extensions.

[3] Since sec. 6404 was enacted, various subsections have been redesignated. Petitioner mistakenly relies on effective date language relating to current sec. 6404(h), not sec. 6404(g). As explained above, sec. 6404(g) is only effective for tax years ending after July 22, 1998.