T.C. Memo. 2004-34

UNITED STATES TAX COURT

DOLORES NELSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14674-02.            Filed February 10, 2004.

Dolores Nelson, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined that petitioner is not
entitled to abatement of a portion of the interest due with
respect to her 1996 tax year pursuant to section 6404(e).[1]  The

_____

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code as amended, and Rule references are to the
Tax Court Rules of Practice and Procedure.  Amounts are rounded
to the nearest dollar.

only issue for decision is whether respondent abused his discretion in failing to abate the assessment of interest for the periods April 15, 1997, to and including April 16, 1998, and May 1, 1999, until paid.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. On the date the petition was filed, petitioner resided in Melrose Park, Illinois.

During 1996, petitioner received a $177,412 distribution from a deceased friend's individual retirement account (IRA). No Federal income tax was withheld from the distribution.

Petitioner sought advice from several sources to determine whether she had to pay Federal income tax on the distribution from the IRA. A financial adviser at a bank incorrectly advised her that if she rolled the entire distribution over, she could avoid income tax. Internal Revenue Service personnel, answering a telephone call from petitioner, told her the advice she had received from the financial adviser was correct.

Petitioner had a 1996 Federal income tax return prepared at a senior citizen's center reporting no income tax due. She had the tax return checked for accuracy by H & R Block but did not file it. On April 2, 1998, petitioner took the tax return to the Internal Revenue Service's Downers Grove, Illinois, office, where

an Internal Revenue Service examiner recalculated the taxable income and prepared a revised Federal tax return for petitioner's signature. Neither petitioner nor the examiner signed the revised tax return on April 2, 1998.

Petitioner filed a delinquent Federal income tax return for 1996 on April 16, 1998, reporting the entire IRA distribution as income with income tax due of $53,760. Petitioner paid $54,196 toward the tax liability on the same date. Petitioner testified she had received nothing in writing from the Internal Revenue Service stating she did not have to file a Federal tax return for 1996 and nothing in writing stating she had no tax liability for 1996. Moreover, petitioner testified she knew the tax-free nature of the IRA distribution depended on rolling over the distribution. Even though this conclusion was based on incorrect advice, at no time was she advised that the IRA distribution was tax-free without a rollover. Using the incorrect advice, petitioner rolled over $14,512 of the $177,412 to her own IRA.

On April 29, 1998, petitioner met with Robert Cool (Mr. Cool) of the Chicago Internal Revenue Service Problem Resolution Office (Problem Resolution Office) to determine whether the Federal tax return she filed was correct. During that meeting petitioner verified that she had rolled $14,512 of the distribution over into her own IRA. Mr. Cool incorrectly advised petitioner to file a Form 1040X, Amended U.S. Individual Income

Tax Return, reflecting a reduction in taxable income of $14,512. Mr. Cool led petitioner to believe that she had overpaid her income tax liability for 1996 and would be entitled to a refund.

On the basis of the discussions at the April 29, 1998, meeting, respondent prepared a Form 1040X for petitioner reflecting a reduction in taxable income of $14,512, which was sent to petitioner for signature on June 30, 1998, and again on July 24, 1998. Petitioner requested additional time to meet with a tax attorney before signing the Form 1040X. Petitioner claimed she returned the signed Form 1040X to respondent but respondent did not file it.

On July 6, 1998, respondent assessed a tax of $53,760, a late filing penalty of $12,096 pursuant to section 6651(a)(1), a late payment penalty of $3,494 pursuant to section 6651(a)(2), and accrued interest of $6,506. The late filing penalty of $12,096 was abated on the same day.

Petitioner requested the assistance of the Taxpayer Advocate and her congressional representatives to resolve her concerns about the assessments of penalty and interest. After conducting an investigation, the Taxpayer Advocate found that petitioner's filed 1996 Federal income tax return was accurate and that reasonable cause existed for the late payment of petitioner's 1996 income tax liability. As a result, on April 19, April 26,

and May 3, 1999, respondent abated the late payment penalty of $222, $111, and $3,162 respectively.

The Taxpayer Advocate also determined petitioner was entitled to abatement of the interest assessed for the period April 17, 1998, through April 30, 1999, because of delays caused by the Problem Resolution Office.  Respondent abated interest of $297, $149, and $1,012 on April 19, April 26, and May 3, 1999, respectively.

On January 21, 2001, petitioner filed Form 843, Claim for Refund and Request for Abatement, requesting that respondent abate all interest and all penalties associated with petitioner's tax liability for 1996.  On July 13, 2001, respondent denied petitioner's request for the abatement of interest for the period April 15, 1997, through April 16, 1998, and for the period May 1, 1999, to January 21, 2001.

On May 7, 2002, respondent issued to petitioner a Full Disallowance--Final Determination for interest abatement for the periods April 15, 1997, to April 16, 1998, and May 1, 1999, to the present.

On September 11, 2002, petitioner filed a Petition for Review of Failure to Abate Interest Under Code Section 6404, which did not comply with the requirements of Rule 281(b).  By order of the Court, petitioner was given until October 24, 2002,

to file an amended petition which met the requirements of Rule 281(b).  On October 15, 2002, an amended petition was filed.

OPINION

Section 6404(e)(1) provides that the Commissioner may abate the assessment of interest on payment of tax to the extent a delay in such payment is attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act.[2]  Section 301.6404-2(b)(2), Proced. & Admin. Regs., provides in part that a ministerial act:

> means a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place.  A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act.[3]

See also Lee v. Commissioner, 113 T.C. 145 (1999); Wright v. Commissioner, T.C. Memo. 2002-312; Donovan v. Commissioner, T.C. Memo. 2000-220.

---

[2] The Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996), amended sec. 6404(e) to permit abatement of interest for "unreasonable" error and delay in the performance of a "ministerial or managerial" act.  The amendments to sec. 6404(e) apply to interest accruing with respect to deficiencies or payments for taxable years beginning after July 30, 1996.  See TBOR 2 sec. 301(c), 110 Stat. 1457. Thus, the amendments do not apply to the instant case.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

[3] The quoted language from sec. 301.6404-2(b)(2), Proced. & Admin. Regs., is identical to the language in sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 63 Fed. Reg. 70013 (Dec. 18, 1998), which was in effect for 1996.  In order to avoid confusion, we will refer to this regulation using its current designation, sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

Petitioner did receive incorrect advice from the Internal Revenue Service as to the application of the Federal tax law on two occasions; i.e., in the telephone conversation confirming that a rollover would cause the IRA distribution to be tax free, and by Mr. Cool's indication that a partial rollover would reduce the taxable income and result in a refund.  Section 408(d)(3)(C) bars a rollover of an inherited account unless the account is received by the surviving spouse of the contributor.  However, giving incorrect advice concerning the proper application of Federal tax law is not a ministerial act allowing relief under section 6404(e).[4]  See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

The Court may order abatement if the Commissioner abuses his discretion by failing to abate interest.  Sec. 6404(h)(1).[5]  In order to prevail, a taxpayer must prove the Commissioner exercised his discretion arbitrarily, capriciously, or without

---

[4] The first instance of incorrect advice, conveyed over the telephone, also occurred before the IRS contacted petitioner in writing about the payment of tax and is another ground for denial of relief.  See sec. 6404(e)(1).

[5] For the tax year 1996, this provision was designated sec. 6404(g).  However, it was subsequently designated sec. 6404(i) by secs. 3305(a) and 3309(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 743, 745, and then was redesignated sec. 6404(h) by sec. 112(d)(1)(B) of the Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, 115 Stat. 2427, 2435.  In order to avoid confusion, we will refer to this provision using its current designation, sec. 6404(h).

sound basis in fact or law.  <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); <u>Wright v. Commissioner</u>, <u>supra</u>.

The authority to abate interest has limitations.  Although Congress intended for the Commissioner to abate interest where the failure to abate interest would be widely perceived as grossly unfair,[6] section 6404(e)(1) also provides that "an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment."

Respondent has abated all penalties, totaling $15,590. Respondent has also abated interest in the total amount of $1,458 for the period April 17, 1998, through April 30, 1999, when Mr. Cool of the Problem Resolution Office led petitioner to believe she had overpaid her tax liability and would be entitled to a refund.

Petitioner's 1996 Federal income tax return was filed and the tax was paid on April 16, 1998, 1 year and 1 day after its due date.  If a taxpayer fails to file a return and fails to pay the tax owed, section 6404(e)(1) does not apply to the interest that accrues on the unpaid tax before the Commissioner contacts

---

[6] See Tax Reform Act of 1986, Pub. L. 99-514, sec. 1563(a), 100 Stat. 2762; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol.3) 1, 208.

the taxpayer in writing with respect to the tax. <u>Wright v. Commissioner</u>, <u>supra</u>. There can be no abuse of discretion by the Commissioner for failure to abate interest if the statute that applies does not give the Commissioner discretion to abate the interest.

Interest on the interest compounds daily pursuant to section 6622. The interest accruing from May 1, 1999, to the date of payment was not caused by any delay by the Internal Revenue Service, is authorized by statute, and is due and owing from petitioner. The failure to abate that interest was not an abuse of discretion.

While the Court sympathizes with petitioner's confusion over the interest that accrued upon her 1996 tax liability, the tax was paid 1 year late. It was within the discretion of the Internal Revenue Service to deny an abatement of interest for the periods here in question, and that discretion was not exercised arbitrarily, capriciously, or without sound basis in fact or law. We hold that respondent did not abuse his discretion in failing to abate the assessment of interest for the periods April 15, 1997, to and including April 16, 1998, and May 1, 1999, until paid.

In reaching our decision, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.