CRYSTAL STAR EAGLE, ESTATE OF CLAUDE B. AMARNICK, DECEASED, AARON AMARNICK, PERSONAL REPRESENTATIVE, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crystal Star Eagle v. Comm'r
Docket No, 16434-96 United States Tax Court
2001 U.S. Tax Ct. LEXIS 60; December 7, 2001, Filed Adjustments to partnership returns ordered. *60 For Crystal Star Eagle C/O Aaron Amarnick, Estate of Claude B. Amarnick, Deceased C/O Aaron Amarnick, Petitioners: Dolchin, Steven B., Steven B. Dolchin, P.A., Hollywood, FL.
James A. Grever C/O Redding & Associates, P.C., Gary H. Arizala, Amy E. Arizala, Roger Berlin, Barbara Berlin, Paul A. Brown, Margaret C. Brown, Donald M. Browning, Jr., Donald M. Browning, Sr., Edith D. Browning, Sr., James R. Browning, Charlene R. Browning, David A. Clark, Terice B. Clark, Jay E. Frieling, Shirley M. Frieling, Joseph H. Goldfarb, Babara E. Goldfarb, Patricia A. Gever, John R. Griffiths, Ann M. Griffiths, Julius Jaffe, Blanche Jaffe, Howard S. Lapidos, Ilean S. Lapidos, Michael B. Lewisotn, Iris Lewiston, David M. Phelan, Rudolph A. Robinson, Charles H. Straight, Jr., Charisse L. Straight, Jr., R. Norman Stone, Peggy J. Stone, Bert R. Vanderzee, Frances Vanderzee, Thomas C. Gay, Nancy J. Gay, Sushil Mehrotra, Sumila Mehrotra, Participants: Redding, Thomas E., Redding & Associates, Houston, TX. Gladney, Sallie W., Redding & Associates, Houston, TX. Joel Gerber, Judge GERBER
DECISION
Pursuant to I.R.C. § 6224(c)(2), this Court's order of June 12, 1998, the *61 agreement of the parties, and Tax Court Rule 248(b), it is ORDERED AND DECIDED: That the following statement shows the adjustments to the partnership items of Crystal Star Eagle for the taxable years 1985 and 1986:
1985
Partnership Item
As Reported
As Determined
Ordinary loss
$ 2,733,064.00
$ 1,620,000.00
Tax preference item:
Accelerated depreciation
1,460,037.00
-0-
1986
Partnership Item
As Reported
As Determined
Ordinary loss
$ 3,570,696.00
-0-
Tax preference item:
Accelerated depreciation
1,587,467.00
-0-
That the reason for the disallowance of ordinary loss and accelerated depreciation for 1985 and 1986 is that the partnership did not have an objective profit motive for entering into the transactions which gave rise to the disallowed deductions, and the transactions lacked economic substance.
Joel Gerber
Judge
Entered: Dec 7, 2001