T.C. Memo. 2006-207

UNITED STATES TAX COURT

JOSEPH AND THERESA MOMOT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2506-05.                    Filed September 26, 2006.

        Ps requested R to abate assessments of interest on
deficiencies arising from Ps' investment in a tax
shelter partnership.  R issued a notice of final
determination denying Ps' abatement claim.  Ps filed a
petition for review of R's failure to abate interest.

        <u>Held</u>:  R's failure to abate interest was not an
abuse of discretion under sec. 6404(e)(1), I.R.C.

Joseph and Theresa Momot, pro sese.

<u>George W. Bezold</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment (respondent's motion) pursuant to Rule 121.  Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  In their amended petition, petitioners seek the Court's "Review of [respondent's] Failure to Abate Interest Under Code Section 6404."  The amended petition was filed in response to a letter to petitioners dated January 18, 2005, entitled Full Disclosure - Final Determination, in which petitioners were advised that the final determination of the Internal Revenue Service (IRS) was to deny their request for an abatement of interest.

Petitioners resided in Wisconsin when they filed their petition.

## Background

Petitioners are pro se and, from the nature of their filings, are unfamiliar with the procedures of this Court and have had difficulty in applying its Rules.  Petitioners' filings consist of four brief documents:  (1) A letter dated January 24, 2005, requesting a petition for review of "Failure to Abate Interest Under Internal Revenue Code Section 6404"; (2) a letter dated February 9, 2005, in which petitioners requested "a

petition application, for a review of Failure to Abate Interest",
which the Court filed on February 10, 2005, as "Amendment to
Petition"; (3) a letter dated March 19, 2005, entitled "Amended
Petition for Review of Failure to Abate Interest Under Code
Section 6404"; and (4) a one paragraph "Notice of Objection" to
respondent's motion.

Relevant facts that do not appear to be in dispute are
reflected in the pleadings, respondent's motion, the affidavit of
respondent's counsel, and the exhibits attached thereto.  For
additional background information (since it relates to this
case), reference is made to our Memorandum Opinion in Alhouse v.
Commissioner, T.C. Memo. 1991-652, affd. sub nom. Bergford v.
Commissioner, 12 F.3d 166 (9th Cir. 1993).  In the absence of a
comprehensive statement of facts to support respondent's motion,
the facts contained in the following summary are gleaned from the
above sources, and also from settlement documents filed at
Crystal Star Eagle v. Commissioner, docket No. 16434-96 (Dec. 7,
2001), which also relates to this case.

Petitioners were investors in an entity called Crystal Star
Eagle in 1985 and 1986.  The entity's investors were advised by
the promoters that they would have the legal status of tenants in
common, which permitted the direct deduction of entity items such
as certain losses, as well as depreciation, interest, and
management expenses, attributable to the entity's activities.

Initially, respondent separately examined the individual returns of an indeterminate number of the entity's 78 investors, of which audits petitioners presumably had no knowledge, given their representation to the IRS Service Center Interest Abatement Coordinator that they first became aware in October 2002 that their entity deductions were being disallowed.

Respondent determined deficiencies against the audited putative partners, on the basis of the sham transaction doctrine. Five individual petitions to this Court ensued, encompassing various taxable years from 1982 to 1985. See Alhouse v. Commissioner, supra. Our decision in Alhouse analyzed the nature of the business relationship governing the investors vis-a-vis the managerial agent administering the various computer equipment transactions. We construed the investment interests as comprising the formation of a partnership, not a tenancy in common, for tax purposes, pursuant to the regulatory guidelines and caselaw principles underlying section 7701(a)(2). Id. (The aforementioned entity will hereinafter be referred to as the Partnership.) Jurisdiction to adjudicate each investor's partnership-related deficiencies on an individual basis was, therefore, lacking, as dictated by the so-called TEFRA unified audit and litigation procedures, set forth in sections 6221

through 6223 (enacted as part of the Tax Equity & Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648). Id.

On December 18, 1995, respondent issued Forms 870-P(AD), Settlement Agreement for Partnership Adjustments, covering tax years 1985 and 1986, to at least two Partnership investors. The proffered settlement packages proposed a diminution of the partners' allocable deficiencies in the amount of one-half of their respective cash contributions, as well as the elimination of all applicable penalties; interest charges were to be expressly preserved. Petitioners were not informed of the settlement offers extended at that time or of the prior litigation.

On March 5, 1996, respondent issued notices of final partnership administrative adjustment (FPAA) for 1985 and 1986 to Claude B. Amarnick, reasserting respondent's determination that the Partnership was orchestrated as a tax shelter contrivance, and disallowing all losses and deductions. The Estate of Mr. Amarnick (in its capacity as a partner other than the tax matters partner (TMP)) petitioned for readjustment of the partnership items. William A. Tauskey, Sr., in concert with several other partners also in receipt of the FPAA notices, intervened in the proceeding on October 3, 1996. Prior to his death during the pendency of the TEFRA litigation, Mr. Tauskey was serving as the

Partnership's TMP, pursuant to respondent's appointment under section 6231(a)(7). Neither Mr. Tauskey nor respondent furnished a copy of the FPAAs or otherwise provided notice of the partnership action to petitioners.

The partnership action was settled on April 25, 2000. The settlement, predicated on the stipulation of the partnership transactions as being devoid of economic substance and a bona fide profit motive, partially disallowed the partnership loss and deduction items for 1985, and denied the entirety of the partnership losses and deductions for 1986. The TMP, James A. Grever (appointed to succeed the deceased Mr. Tauskey) was an individual investor, unaffiliated with the Partnership's originator or managerial agents, and, therefore, could not ascertain the identities of the remaining partners not participating in the partnership action. Respondent compiled a schedule of the known nonparticipating partners, which included petitioners and their contact information. On October 20, 2000, the Court granted Mr. Grever's motion for an order directing service of any notice of settlement on the aforementioned nonparticipating partners, and providing Mr. Grever contingent relief from any liability otherwise occasioned by his relying solely on respondent's schedule in the discharge of the notice

obligations imposed on the TMP pursuant to Rule 248.  A decision reflecting the terms of the settlement was entered on December 7, 2001.

Petitioners' deficiencies for 1985 and 1986 consequent to the settlement were assessed on November 18, 2002, and December 2, 2002, respectively.  Computed to the dates of assessment, accrued interest on the 1985 deficiency totaled $6,051.89; accrued interest on the 1986 deficiency totaled $25,137.28. Petitioners remitted in full the underlying deficiencies for 1985 and 1986, but as of the date this case was submitted petitioners had not paid any accrued interest.

Petitioners' request for abatement of interest under section 6404(e), submitted on February 4, 2003, appealed to the equities of their predicament, adducing that they remained uninformed of the partnership action and settlement resolution throughout the course of the proceedings, and that they were blindsided by their liability and the extent of the attendant interest accumulation when the assessments were ultimately effected in late 2002. Petitioners contended that, as unsophisticated investors, they were oblivious to the Partnership's structure and operation and had no forewarning that it was devised as a tax shelter vehicle. They claimed to have been unwittingly bamboozled by misrepresentations of the Partnership's organizers and marketers and duplicitous prospectus documentation.  Petitioners claimed

that their financial circumstances would cause them to sustain significant economic hardship if the interest were not abated.

Respondent summarily denied petitioners' abatement request on March 17, 2003. In their administrative appeal, submitted on April 7, 2003, and supplemented by written correspondence on January 11, 2004, petitioners asserted their entitlement to a partial abatement in an unspecified amount, reiterating equitable considerations along the same vein as the aforementioned fairness arguments. Respondent rejected petitioners' appeal in a final determination on January 18, 2005, citing the protracted partnership litigation as the predominant factor contributing to the delay.

On January 18, 2005, respondent sent petitioners a letter entitled Full Disallowance - Final Determination, which reads in part as follows:

> Dear Mr. & Mrs. Momot:
>
> This letter is to inform you that we are disallowing your request for an abatement of interest. We call this decision a determination. This letter is our final determination for purposes of Internal Revenue Code Section 6404.
>
> We regret that our final determination is to deny your request for an abatement of interest. We had to deny your request for the following reason(s):
>
> - After review of available records and other information, we did not find any unreasonable errors or delays on our part that merit the abatement of interest for tax years 1985 and 1986. (See Form 843, Claim). The time it took for the Tax Court Decision against Crystal Star Eagle with

whom you invested, which resulted in the disallowance of the partnership deductions you took, and the fact that you were not notified during Tax Court proceedings with the partnership, a separate entity, is not a Ministerial Act.

## Discussion

Section 6404(e)(1) provides, in pertinent part, that respondent may abate the assessment of interest on any deficiency attributable to an error or delay by an officer or employee of the IRS in performing a ministerial act. (Amendments to section 6404(e), enacted in 1996, expanded the scope of the IRS's discretionary authority to abate interest attributable to "unreasonable" errors or delays resulting from the performance of "managerial" acts. Because these amendments are not effective on a retroactive basis for tax years beginning before August 1, 1996, they do not apply to the instant case.)

A ministerial act denotes a procedural or mechanical act. Sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). The exercise of judgment or discretion, such as respondent's deliberation concerning the proper application of Federal tax law or other law, is not a ministerial act. Id. ("Ministerial act" is likewise construed in the final version of the regulations to section 6404, which are effective for tax years beginning after July 30, 1996. See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.)

Congress intended section 6404(e) to be availed of where the disallowance of a taxpayer's request for abatement "would be widely perceived as grossly unfair." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208. Section 6404(e) was not conceived of as an expedient to "routinely * * * avoid payment of interest". Id.

Our jurisdiction to order an abatement of interest is circumscribed to those instances where respondent's failure to do so is an abuse of discretion. Sec. 6404(h)(1). Our review of respondent's determination, to which we accord due deference, is oriented to the particular facts presented by each case. Jacobs v. Commissioner, T.C. Memo. 2000-123. For the reasons discussed below, respondent's failure to abate the assessment of interest on petitioners' deficiencies was not arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Generally, the mere passage of time during the litigation phase of a tax dispute does not establish error or delay by respondent in performing a ministerial act. Lee v. Commissioner, 113 T.C. 145, 150 (1999). During the late 1970s and throughout the 1980s, the proliferation of abusive tax shelters generated a myriad of tax shelter cases. See Beagles v. Commissioner, T.C. Memo. 2003-67. The delay in assessment of petitioners' 1985 and

1986 deficiencies and concomitant interest accrual, though, was occasioned by the promotion of the partnership interests as co-ownership interests and was not manifestly attributable to administrative nonfeasance.

The initial partnership action was not amenable to the jurisdiction of this Court due to respondent's inadvertent noncompliance with the TEFRA procedures, Alhouse v. Commissioner, T.C. Memo. 1991-652, which would not have occurred had the Partnership been properly characterized as such.  The unsuccessful appeal of that case by the taxpayers involved and decided by the Court of Appeals for the Ninth Circuit, prolonged its duration by close to 2 years.  The eventual issuance of the FPAAs was deferred for an additional two plus years because respondent elected to pursue settlement agreements with some but not all individual partners.  Respondent's strategic decision to induce settlements with certain individual members of the investment group, however, is a matter wholly within his discretion and does not constitute a ministerial act, particularly since the TMP and remaining partners were not readily identifiable.  Dadian v. Commissioner, T.C. Memo. 2004-121.

Additionally, the TEFRA action might have been settled more expeditiously than the four plus years it took to conclude, but for the reluctance of the participating partners in that case to

abide by the decision in <u>Alhouse v. Commissioner</u>, <u>supra</u>.  The participating partners persistently attempted to resuscitate a challenge to the Partnership's tax classification status, as documented in a series of motions submitted during the pendency of the TEFRA case.

Finally, because the various TMPs throughout the TEFRA proceeding were investors similarly situated to petitioners, who were not privy to the Partnership's operation and subscription information, notice to the nonparticipating partners was apparently not feasible until respondent procured the identification list.  Even if the failure to inform petitioners of the partnership proceedings constituted a dereliction of the obligations of the TMP, the notice responsibilities under the TEFRA procedures are allocated to the TMP, and not the IRS.  See sec. 6223(g).  The nonperformance of the requisite TEFRA notice function by a TMP is not an IRS error requiring the abatement of interest.  See <u>Jaffe v. Commissioner</u>, T.C. Memo. 2004-122; <u>Fargo v. Commissioner</u>, T.C. Memo. 2004-13.

To reflect the foregoing,

<u>An appropriate Order and</u>
<u>Decision will be entered</u>
<u>granting Respondent's Motion</u>.