T.C. Memo. 2008-180

UNITED STATES TAX COURT

THOMAS CHRISTOPHER BROOME, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7259-05.                    Filed July 30, 2008.

Thomas Christopher Broome, pro se.

<u>John F. Driscoll</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  On October 18, 2004, respondent issued a
notice of final determination disallowing petitioner's request
for abatement of interest on income tax liabilities for 1994 and
1995.  The sole issue for decision is whether respondent's

decision pursuant to section 6404[1] not to abate assessments of interest relating to petitioner's 1994 and 1995 taxable years was an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Mississippi.

Petitioner was one of two shareholders in T.C. Broome Construction Co., Inc. (Broome Construction), an S corporation. Petitioner owned 60 percent of Broome Construction. Petitioner filed his 1994 and 1995 Federal income tax returns on October 18, 1995 and 1996, respectively. The Internal Revenue Service (IRS) audited Broome Construction's returns for the 1994, 1995, and 1996 taxable years in April 1997. The audit included a review of petitioner's 1994, 1995, and 1996 returns. On or about February 13, 1998, the examining agent sent a proposed final examination report to petitioner regarding his 1994, 1995, and 1996 returns.

Petitioner filed a request for consideration with the IRS Office of Appeals on or about April 6, 1998. On April 14, 1998, petitioner signed a Form 872, Consent to Extend the Time to

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Assess Tax, which extended the period to assess tax for 1994 until April 15, 1999.  Appeals Officer Penny Young (Ms. Young) received the case on June 5, 1998.

Ms. Young worked on the case for 2 years and experienced some delay in processing the appeal.  One delay resulted from a tropical storm in the area.  Ms. Young had to travel from New Orleans, Louisiana, to Mobile, Alabama, to meet with petitioner and his representatives regarding the determinations.  Therefore, the meetings occurred roughly every few months.  On at least one occasion petitioner's representatives' failure to attend the meeting resulted in rescheduling.  The longest delay resulted from waiting for records to be sent from petitioner and his representatives to Ms. Young so she could process petitioner's appeal.

As a result of the delays Ms. Young requested three more Forms 872 while processing petitioner's appeal.  Petitioner signed his second Form 872 on December 28, 1998, extending the period to assess tax for 1994 until December 31, 1999.  Petitioner's representative signed the third Form 872 on July 29, 1999, extending the period to assess tax for 1994 and 1995 until April 15, 2000.  Petitioner signed the fourth and final Form 872 on January 26, 2000, extending the period to assess tax for 1994 and 1995 until June 30, 2000.  Ms. Young mailed the last Form 872

to petitioner before December 31, 1999, but did not receive the signed Form 872 back until January of 2000.

In January 2000 petitioner and respondent reached a tentative settlement agreement for which settlement documents were prepared. Petitioner signed a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, with respect to his personal income tax liability determination for taxable years 1994 and 1995 on January 26, 2000. Ms. Young received the signed Form 870-AD on February 17, 2000. Respondent's review of the Form 870-AD concluded in March 2000, and respondent officially closed petitioner's case.

Respondent assessed the deficiencies for 1994 and 1995 on May 12, 2000. On April 15, 2001, respondent credited overpayments from 1998, 1999, and 2000 to petitioner's balance for 1994 and 1995 resulting from the assessment of deficiencies. Thereafter, petitioner's outstanding balance was zero.

On April 14, 2002, petitioner filed a Form 843, Claim for Refund and Request for Abatement, for his taxable years 1994, 1995, and 1996. Respondent did not act on this request for abatement of interest. Petitioner filed another Form 843 on April 17, 2003. In June of 2004 respondent assigned IRS Examiner Patricia Wood (Ms. Wood) to review the request petitioner filed on April 17, 2003. Ms. Wood reviewed petitioner's April 2003

request for abatement of interest, and respondent issued an IRS Letter 2289(DO) tentatively denying the April 2003 request on August 17, 2004. Petitioner failed to respond to the IRS Letter 2289(DO), and respondent issued a final determination letter on October 18, 2004.

## OPINION

### I. Section 6404(e)

Pursuant to section 6404(e)(1), the Commissioner may abate the assessment of interest in two situations: (1) When a deficiency is attributable to an error or delay by an officer or employee of the IRS in performing a ministerial act, or (2) when interest is assessed on any payment of certain taxes (including income tax) to the extent that an error or delay in such payment is attributable to an officer or employee of the IRS being erroneous or dilatory in performing a ministerial act.[2] An error or delay by an officer or employee of the IRS shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the IRS has

---

[2] In 1996, sec. 6404(e) was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996), to permit the Commissioner to abate the assessment of interest attributable to IRS errors or delays in performing both managerial and ministerial acts. The amendment applies to interest accruing with respect to deficiencies for taxable years beginning after July 30, 1996, and therefore does not apply to the matter before us.

contacted the taxpayer in writing with respect to such deficiency or payment.  Id.

A "ministerial act" is a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place.  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[3]  A decision concerning the proper application of Federal tax law (or other Federal or State law) is not a ministerial act.  Id.

Even where errors or delays are present, the Commissioner's decision to abate interest remains discretionary.  See sec. 6404(e)(1); Mekulsia v. Commissioner, T.C. Memo. 2003-138, affd. 389 F.3d 601 (6th Cir. 2004).  When Congress enacted section 6404(e), it did not intend the provision to be used routinely to avoid payment of interest.  Rather, Congress intended abatement of interest to be used only where failure to do so "would be widely perceived as grossly unfair."  H. Rept. 99-426, at 844

---

[3]  Final regulations under sec. 6404 were issued on Dec. 18, 1998, and contain the same definition of a ministerial act as do the temporary regulations.  See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  The final regulations generally apply to interest accruing on deficiencies or payments of tax described in sec. 6212(a) for taxable years beginning after July 30, 1996, and do not apply to the years at issue in this case.  See sec. 301.6404-2(d)(1), Proced. & Admin. Regs.

(1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

## II.  Standard of Review and Burden of Proof

When reviewing the Commissioner's determination not to abate interest, we apply an abuse of discretion standard.  See sec. 6404; Camerato v. Commissioner, T.C. Memo. 2002-28.  The taxpayer bears the burden of proof with respect to establishing an abuse of discretion.  See Rule 142(a).  In order to prevail, the taxpayer must establish that in not abating interest the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  Lee v. Commissioner, 113 T.C. 145, 149 (1999); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

## III.  Analysis

Petitioner contends that respondent's treatment of him during the audit and Appeals process was unfair and harsh and has resulted in the accrual of interest that should be abated. Petitioner's general allegations of unfair treatment by the IRS do not establish a ministerial error by respondent such that interest accrued on petitioner's deficiencies should be abated. During the trial petitioner's testimony strayed repeatedly from ministerial error to the underlying tax liability, which petitioner himself accepted by signing the settlement documents.

Petitioner alleged that respondent failed to inform him that he was not required to sign the Forms 872.  Ms. Young testified that she explained to petitioner and his representatives the option of either signing the Forms 872 or having a notice of deficiency issued.  Regardless, all Forms 872 were sent to petitioner before the effective date of section 6501(c)(4)(B), which provides:  "The Secretary shall notify the taxpayer of the taxpayer's right to refuse to extend the period of limitations, or to limit such extension to particular issues or to a particular period of time, on each occasion when the taxpayer is requested to provide such consent."  Congress enacted section 6501(c)(4)(B) in 1998, and it is effective for requests for consent to extend the period to assess tax made after December 31, 1999.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3461(b)(2), (c), 112 Stat. 764.  Thus, section 6501(c)(4)(B) is inapplicable to the Forms 872 petitioner signed because respondent's requests that petitioner sign them were all made prior to December 31, 1999.

Petitioner has not established an error or delay by respondent in performing a ministerial act within the meaning of section 6404(e) that would require abatement of interest.

We conclude that respondent's determination not to abate interest was not arbitrary, capricious, or without sound basis in fact or law.  In reaching all of our holdings herein, we have

considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.